## BRADFORD v. LIMPUS.

1. SALE IN PARCELS. When the sheriff sold a tract of land as one parcel, when it was susceptible of sale in several parcels, it was held that the sale should be set aside.

*Appeal from Warren District Court.*

TUESDAY, JUNE 16.

THE facts are stated in the opinion of the court.

*C. C. Nourse and Lewis Todhunter* for the appellant.

A mistake in the return of a sheriff cannot affect the rights of a purchaser. *Hopping* v. *Burnham*, 2 G. Greene, 39; *Doe, ex dem. Wolf et al.* v. *Heath et al.*, 7 Blackf., 154. It is not irregular to sell lands in a body unless the defendant in execution is prejudiced thereby. Gwynne on Sheriffs, 327; *Lessee of Stall* v. *Macalester*, 9 Ohio, 19; *Woods* v. *Monell*, 1 John. Ch., 502; *Kiser* v. *Ruddick et al.*, 8 Blackf., 382.

*J. E. Williamson* for the appellee.

If the land was divisible, and could be sold in parcels, it was the duty of the officer to sell it in that manner. 1 Binney, 61; 8 Dana, 195; *Boyd* v. *Ellis*, 11 Iowa, 97.

LOWE, J.—Limpus obtained a judgment against Bradford for $1,200, and costs; levied upon and sold, according to the sheriff's return upon the execution, the following tracts of land, in a body, to wit: The S. E. ¼ Sec. 16, and the N. ½ of the N. E. ¼, and the S. E. ¼ of N. E. ¼ of Sec. 7, all in Township 75, north of range 25 west, as the property of the defendant in the execution, W. Bradford, — which land was purchased by Limpus as the highest bidder, at $1,329.18, and to whom a certificate of purchase was delivered by the sheriff. Afterwards, Bradford moved to set aside said levy and sale, because he was not the legal owner, and never had been, of the first named tract of land, yet that the three tracts, susceptible of division, had been sold altogether as one body of land, in such a manner that it was impossible to determine how much each tract sold for, so as to enable him to exercise his right of redemption, which he desired to do, with regard to the two last pieces of land of which he was the owner. The motion was sustained by the court, following, we presume, the ruling in the case of *Boyd* v. *Ellis*, 11 Iowa, 97, and the authorities there cited. We see no reason to change that ruling, and must affirm the decision below.

Affirmed.