THE EQUITABLE TRUST CO. v. SHROPE.

1. **Execution Sale:** ONLY ONE BIDDER: INADEQUACY OF BID: ADJOURNMENT. Where land is incumbered by several judgments, all held by the same person, and the sheriff offers it for sale on execution. subject to redemption, he has no occasion to adjourn the sale because the judgment creditor is the only bidder, and his bid is only the amount of his senior judgment, and wholly inadequate to the value of the land. In such case the owner has an adequate remedy by redemption, and he cannot have the sale set aside.

*Appeal from Cedar District Court.*

THURSDAY, OCTOBER 27.

MOTION to set aside an execution sale. The motion was overruled and the defendant appeals.

*Treichler & Huber*, for appellant.

*Piatt & Carr*, for appellee.

ADAMS, CH. J.—The property in question consisted of 240 acres of land in Cedar county, which was owned by the defendant Shrope, and was worth, according to the evidence, $11,000 or $12,000. It included the defendant's homestead,

which had been platted in a rectangular form in the two south 40's, and embraced 40 acres, as nearly as could well be measured, leaving, of course, 40 acres in the two south 40's not embraced in the homestead. This property had become badly incumbered. Two judgments, covering the whole tract, had been obtained against it upon the foreclosure of the mortgages, and one other judgment, covering all but the homestead. The plaintiff herein named held at one time the senior judgment, amounting to nearly $3,000. One Hammond, however, became the owner of all the judgments, amounting to about $9,000, and is now the person interested, as against the defendant Shrope. Hammond caused the property to be sold upon the senior judgment, and bid the same in for the amount thereof. The motion to set aside the sale was made just before the expiration of the year of redemption. The motion is based upon the alleged ground that there were no bidders at the sale except Hammond, and that the sheriff should have adjourned the sale, and especially as Hammond's bid was grossly inadequate. It is based also upon the alleged ground that the land not embraced in the homestead should have been first offered, and that that was not done.

As to the mode of sale, we have to say that we think that the evidence shows that all the land except the homestead was first offered in 40-acre tracts. The defendant contends that this could not be so, because the homestead is embraced in two government 40's. But it was not necessary that the land outside of the homestead should be offered wholly in government 40's, nor is it claimed that it was. The four northerly 40's could be so offered, and the remainder could be offered as the tract embraced in the two southerly government 40's after taking out the homestead.

As to the failure to adjourn, and the selling for the amount of the senior judgment, we have to say that we see nothing in these things irregular or unusual. The property was sold subject to redemption. The defendant had a year

in which to protect himself, and he could and should have done so if there was really any margin between the market value of the property and the incumbrances. Where property is sold subject to redemption, it is not to be expected that there will be competition at the sale, nor can it be said that it is important to the debtor that there should be. If the property is sold too low, he can make his own resale either publicly or privately. He does not need another execution sale.

The defendant's real complaint, as we understand it, is that the property outside of the homestead did not sell for enough to pay the two senior judgments, and leave the homestead clear, and leave the third judgment unprovided for. He seems to think that if the sheriff had adjourned the sale, such a result might have been attained. But we are unable to see the slightest probability of it. Any bidder would have seen that if the property were sold to him for the amount of the first two judgments, Hammond, as the owner of the third, would have had a right to redeem, and probably would have exercised his option to redeem, if the property proved to be worth redeeming, and, if not, he would have left it upon the purchaser's hands. The circumstances, so far as we can see, were not such as to afford any reasonable hope of competition, however many adjournments there might have been. The property was sold with the usual result where there is a right of redemption, and the defendant should have made an effort to secure his protection through the exercise of such right.

AFFIRMED.