Lamb v. McConkey.

LAMB v. McCONKEY *et al.*

1. **Former Adjudication:** JUDGMENT ON DEMURRER: MATTERS WHICH SHOULD HAVE BEEN PLEADED. When a demurrer is sustained to a petition on the ground that under the facts stated the plaintiff is not entitled to the relief demanded, and the plaintiff refuses to amend, and judgment is rendered on the demurrer, such judgment is a final adjudication against the plaintiff of all matters actually in issue in that action, and of all other matters which might or should have been pleaded as entitling him to the relief demanded in that action; and a subsequent action cannot be maintained on such other matters unless it is averred that they arose since the prior action was determined. (See opinion for cases cited.)

2. **Execution:** SALE OF LAND IN LUMP: WHEN VALID. A sale upon execution of several parcels of land together is valid, where each parcel has first been offered separately and no bid received therefor.

3. ———: SALE OF HOMESTEAD : PRIOR DEBT. A homestead is properly sold on execution upon a judgment rendered upon a debt contracted before the purchase of the homestead, unless the purchase was made with the proceeds of a prior homestead.

*Appeal from Polk District Court.*—HON. W. F. CONRAD, Judge.

FILED, OCTOBER 26, 1888.

ACTION to obtain possession of and quiet the title to real estate. Trial to the court, judgment for the plaintiff, and defendants appeal.

*Cole, McVey & Clark,* for appellants.

*W. G. Harvison,* for appellee.

SEEVERS, C. J.—We understand the facts to be that the plaintiff sold one of the defendants certain real estate, and gave her a title-bond. The bond was foreclosed, the real estate sold on a special execution, and purchased by the plaintiff for less than the amount due on the judgment. A general execution was afterwards issued on said judgment, and the real estate in controversy levied upon and sold to the plaintiff. A sheriff's deed was therefore executed to him, and he seeks in this action to obtain possession of and quiet his title to such real estate. The defendant pleaded that the judgment in the foreclosure proceeding was for a larger amount than was due, and that several distinct parcels of the real estate were sold together in a lump for a greatly inadequate price, and that the general execution for the balance due was levied upon the lands in controversy in this action and other real estate, all of which were sold together in a lump for an inadequate price. The defendants also pleaded that a portion of the premises constituted their homestead, and that the same was not set apart or designated, and was sold with and at the same time as the other several and distinct tracts of land. Therefore, the defendants insist that the sale of the land in controversy and the conveyance made in pursuance thereof by the sheriff are void, and they ask that the title to said premises be quieted in them. The plaintiff pleaded in a reply that all the matters and things pleaded by the defendants had been adjudicated in a prior action between these parties.

I.    It seems clear and undoubted that all the objections made to the sale under the special execution, including the fact—conceding it to be a fact—that the judgment was rendered for a greater amount than was due, and that the real estate was sold in a lump, and for an inadequate price, were necessarily adjudicated

1. FORMER adjudication: judgment on demurrer: matters which should have been pleaded.

in the prior action, which is reported in 71 Iowa, 636. It is insisted that the cited case was decided on a demurrer to the petition; but this is immaterial, for the reason that the demurrer was not based on any technical defect, but on the ground that under the facts stated the present defendants were not entitled to the relief asked. When the demurrer was sustained the right to amend the petition existed, but the defendants failed to avail themselves of such right, but elected to stand on their petition; therefore judgment was rendered against them. This constitutes an adjudication of the matters in controversy in that action, which, it is substantially conceded by counsel, in part, at least, were the same as in the present action. *Carlin v. Brackett*, 38 Minn. 307, 37 N. W. Rep. 342, and authorities cited. But it is said that other and additional matters are pleaded in this action, but it is not averred that they arose since the prior action was determined. On the contrary, it appears that they existed then. The rule, we understand to be, that a prior adjudication is a bar, not only to all matters actually in issue, but which might or should have been alleged in the pleadings. In other words, the defendants in the prior action were bound to state all matters and things in their petition which then existed, and which they now claim would have entitled them to the relief asked in such prior action. *Treadway v. McDonald*, 51 Iowa, 663; *Durant v. Essex Co.*, 7 Wall. 107; *Aurora City v. West*, 7 Wall. 82.

II. It follows from what has been said that the general execution was properly issued, and that it and the unsatisfied judgment on which it was founded fully authorized the sale of the premises in controversy; and as the same have been conveyed to the plaintiff by the sheriff, he is entitled to the relief asked in the petition, unless such sale and conveyance are void, or possibly voidable.

*First*, as to the sale of several distinct parcels of real estate together, at a price bid for the whole. The

2. EXECUTION: sheriff's return on the execution shows that
sale of land in he offered for sale each parcel of the real
lump: when
valid. estate separately, and no one made a bid
therefor, and then he offered and sold all the parcels
together. There is no evidence contradictory to such
return. Such a sale is valid, and not voidable.

*Second*, as to the inadequacy of price. Without
setting out the evidence, or stating our reasons at length,
we deem it sufficient to say that this defense has not
been established.

*Third*, as to the homestead. Catherine McConkey
obtained title to the land in controversy in 1883. The
judgment on which the general execution
3. ——: sale of was issued was rendered in 1882. The
homestead:
prior debt. indebtedness, therefore, was contracted prior
to the acquisition of the homestead, and for such indebt-
edness it could be sold, unless it was acquired with the
proceeds of a prior homestead, and this is not claimed.
The judgment of the district court must be

AFFIRMED.