THE CONNECTICUT MUTUAL LIFE INSURANCE COMPANY, Appellee, v. BROWN *et al.*, Appellants.

[ Two Cases.]

**Execution :** SALE OF SEVERAL TRACTS EN MASSE : SETTING ASIDE APPEAL. Where lands have been offered upon execution sale in separate tracts, pursuant to the requirements of notices given to the sheriff by defendant, as contemplated by section 3088 of the Code, and no bids are received, a sale *en-masse* is not *per se* void or voidable, though the several tracts are not contiguous. And where defendant appeals from the overruling of a motion to set such sale aside, and the abstract fails to show what evidence was presented to the court below in support of the motion, this court must presume that there was no evidence requiring the motion to be sustained.

*Appeal from Cass District Court.*—HON. H. E. DEEMER, Judge.

SATURDAY, OCTOBER 11, 1890.

THE defendants made separate motions to set aside separate sales of land upon two executions, each issued upon a different decree of foreclosure. The motions in the court below were each overruled. Defendants appeal in each case. The cases are presented together in this court. The parties in each case are the same. ⸗

*H. G. Curtis*, for appellants.

*Phelps & Temple*, for appellee.

BECK, J.—I. The abstract before us contains each execution, with the levy and return, showing on each a sale of the property *en masse*, after having been offered for sale, without bids, in separate tracts pursuant to the requirements of notices given to the sheriff by the defendants, as contemplated by Code, section 3088. It appears that the land described in the first execution consists of two contiguous "forties" in different sections, and the land set out in the other consists of two hundred and forty acres in different sections, but all contiguous, and two contiguous "forties" three-fourths of a mile from the other tract. The abstract contains no evidence or showing in any form as to the character of the lands, whether they are used as one or more farms, and whether the land would sell for a better price *en masse*, or separately. There is not one word of evidence on this point. It is not shown that there was not such evidence given to the court below showing facts authorizing a sale *en masse*. If there was no evidence upon the subject, it will be presumed that the execution defendant failed to show prejudice. It is not shown in the abstract that it contains all the evidence.

II. It is very plain that Code, section 3088, does not prohibit sales *en masse*, after the execution defendants have required sales in separate tracts, and the land is so offered, and cannot be sold. If it were otherwise, sales might, in some cases be prevented, and injustice done thereby. The section is intended to

secure sales in separate tracts, as defendants in execution shall direct. It is not intended to defeat sales. A reasonable construction must be put on it, to the effect that, if the lands cannot be sold in separate tracts, for want of bidders, they may be afterwards offered and sold *en masse*, and such a sale is not *per se* void or voidable. If the entire tract, or the different tracts, for any reason, are more valuable when taken together, and will in that way sell for a larger sum, they may be so sold, and the sale will be subject to no objection by the land-owner. The fact that no bids were made when the land was offered in separate tracts, and it was, therefore. sold *en masse*, raises a presumption that the land is more valuable when taken together, or, at least, that defendant in execution suffered no prejudice by the sale. *Lamb v. McConkey*, 76 Iowa, 47; *Hill v. Baker*, 32 Iowa, 302; *Burmeister v. Dewey*, 27 Iowa, 468; *Cunningham v. Felker*, 26 Iowa, 118. The cases cited by defendants' counsel ( *Williams v. Allison*, 33 Iowa, 278, and *Taylor v. Trulock*, 59 Iowa, 558 ) are not in conflict with the views we have expressed. The case just named involved the sale of numerous town lots, and it was not shown, nor could it be presumed, that they were used together for any purpose. The other case demands no further attention. It will readily be seen that the facts set out in the record show no grounds for reversing the ruling of the court below; and, in the absence of any showing of facts which in law would require the sale to be set aside, we shall presume that the facts before the court, when the abstract is silent as to them, required the sale to be upheld.

These considerations dispose of the case. The judgment of the district court is AFFIRMED.