GEORGE W. WILSON, Trustee v. SAMUEL CORY AND SARAH H. MARTIN, Appellants.

Execution Sale: SALE IN BULK. An execution sale will not be held void because the lots were sold in bulk, and because the price bid was small, there having been no bid when they were offered separately, and there being an adverse claim to the property under a sale on execution against the prior title holder.

*Appeal from Linn District Court.*—HON. H. M. REMLEY, Judge.

FRIDAY, MAY 24, 1901.

ACTION to quiet title to two certain lots in the city of Cedar Rapids in the plaintiff, George W. Wilson, trustee. The defendants answered jointly; the defendant Cory disclaiming any interest in the lots, and the defendant Sarah H. Martin claiming to be the owner thereof by conveyance from defendant Cory executed January 6, 1890. Decree

was rendered in favor of the plaintiff. Defendants appeal.— *Affirmed.*

*Smith & Smith* for appellants.

*John A. Reed* and *Rickel & Crocker* for appellee.

GIVEN, C. J.—I. The contention is solely between the plaintiff and Sarah H. Martin, each claiming under title derived from Samuel E. Cory. On January 6, 1890, Samuel E. Cory, for the recited consideration of $600, conveyed said lots to his sister Sarah H. Martin. On the tenth day of June, 1898, the plaintiff acquired a sheriff's deed to said lots in pursuance of a sale thereof on execution as the property of Samuel E. Cory. If the conveyance from Mr. Cory to Mrs. Martin is valid, then, clearly, her title is superior to that of the plaintiff under said sheriff's deed. We are left largely to judge of the validity of that deed from the testimony of Mr. Cory, which is certainly not very satisfactory. At one time his statements leave the impression that he borrowed $500 from Mrs. Martin, and conveyed the lots to her in payment. Then that he bought stock from her in 1890 to feed; that the stock died, and he conveyed the lots to her. And, again, he says, and repeats it several times, that he still owes her the $500 and all the interest. At the time of the conveyance to Mrs. Martin there were few improvements thereon. Mr. Cory put on improvements at his own expense, and has continuously occupied the premises as his home. Mrs. Martin says it is under an arrangement that he keep up the place, take care of it, and pay the taxes for the use of it. She says he owed her; that he sold out to her, and has owed nothing since. In view of the meager and unsatisfactory evidence as to the consideration, and Cory's continued occupancy of the premises, the validity of this deed is questionable.

II. Plaintiff also claims title under a sheriff's deed made in pursuance of sale of said lots on a transcripted judgment for $21 and $6.20 costs against the defendant Sarah

H. Martin, and from which sale no redemption was made. Appellant contends that this sale and title are void because the lots were sold in bulk, and because of gross inadequacy of consideration. The lots were offered separately, and, there being no bid, the sheriff offered and sold them together. That there was no bid on the separate lots is explained by their relation to each other and the condition of the title. This latter fact also answers the claim that the price bid was grossly inadequate. If plaintiff had not held a conflicting title under which he was claiming the property, it might be said the price was inadequate, but not under the facts of this case. On the eleventh day of January, 1899, plaintiff acquired a tax deed to these lots under the sale of 1895 for the taxes of 1894. It is contended that, because of an attempted redemption by Mr. Cory, this tax deed is void. In view of the conclusion just announced, we do not inquire as to the validity of this tax deed. Mrs. Martin asks to be now permitted to redeem from the sale made under the execution against her. The period for redemption from that sale has long since expired, and no sufficient reasons are shown why redemption should now be allowed.—AFFIRMED.