W. M. THARP, Appellant, v. J. W. KERR ET AL.,
Appellees.

**Execution sales:** ACTION TO REDEEM. Mere inadequacy of price is not ground for interference by a court of equity with the statute limiting the time of redemption from an execution sale, but relief may be granted against a sheriff's deed in such cases because of mistake preventing redemption within the statutory time.

**Same.** A debtor cannot set aside a deed on execution sale because of mistake preventing redemption, where there was another execution sale of the property on a later date, and neither an averment in his petition that he was misled as to the time for redemption from such later sale, nor that he offered to redeem therefrom prior to issuance of a deed.

**Same:** TENDER OF REDEMPTION. After issuance of a sheriff's deed on execution the clerk of courts has no power to accept redemption, and a tender to him is unavailing for that purpose; but as a basis for an equitable action to redeem the debtor should notify the holder of the deed of his claim of right to redeem and tender to him the amount necesary therefor.

**Same:** REDEMPTION : EXTENSION OF TIME. The statutory right to redeem from a sheriff's sale on execution must be exercised within the time prescribed; the courts have no discretion or power to extend the time as an act of mercy.

*Appeal from Van Buren District Court.*—HON. F. W.
EICHELBERGER, Judge.

SATURDAY, JANUARY 23, 1909.

THIS is an action in equity to redeem from sheriff's sale of real estate. There was a demurrer to the petition which was sustained by the lower court, and decree entered for the defendant. Plaintiff appeals.—*Affirmed.*

*Robert & H. B. Sloan* and *J. C. Mitchell,* for appellant.

*Walker & McBeth,* for appellee.

EVANS, C. J.—It appears from the averments of the petition: That in September, 1902, one Scotten obtained judgment against plaintiff in Van Buren County for $379. In November, 1903, the Holder-Teter Lumber Company obtained one judgment against him for $199.50 and costs, and another judgment for $2.60 and costs. These judgments all remaining unpaid, in November, 1904, executions were then issued under all of them, and the same were levied upon the real estate in controversy. On December 5, 1904, the sheriff sold the real estate under each of the two smaller executions, and the property was bid in by the execution plaintiff at each sale for the full amount of the judgment and costs. On December 8, 1904, the sheriff again sold it under the larger execution in favor of Scotten, and it was bid off by one Walker for the full amount of the execution and costs. Walker subsequently assigned his sheriff's certificate to Holder et al. No redemption was made from either sale during the year of redemption. Thereupon on December 9, 1905, the sheriff executed a sheriff's deed to Holder-Teter Lumber Company, and it conveyed the same property by quitclaim deed to the defendant Kerr. On August 20, 1905, plaintiff wrote to the sheriff who conducted the sales, asking for information concerning the same, and for the date of expiration of the year of redemption. The reply to this inquiry was made partly by the clerk and partly by the sheriff, as follows: · "Dear Sir: Amount to redeem the two sales is $20.98 for the small one, and $208.00 for the other. Each day adds some interest to the amount. E. F. Putman, Clerk.. Date of expiration of redemption, December 5, 1905. R. P. Ramsey. Pay to Clerk." Plain-

tiff made a mistake in reading Sheriff Ramsey's reply, and understood therefrom that December 15, 1905, was the day of expiration. The immediate occasion of this mistake was that in front of the figure 5 of the date as written by the sheriff was a slight irregular mark extending vertically down about halfway to the line. This gave some appearance of 15, instead of 5, as the date named in the letter. Plaintiff's averment is that, "by reason of such mistake of fact, he was prevented from paying the same within the time provided by law, but as soon as he learned of it, and before the expiration of the time as he understood it, he offered to redeem by paying the amount necessary so to do as required by law to the clerk, and he is now and at all times since has been ready and willing to pay the same for said purpose, and hereby tenders such sum as may be necessary, and as the court shall so adjudge to be necessary therefor, with such interest, if any, as the court may require." There is also the general averment that he was not negligent and that he was acting in good faith. There is no other averment of fact as to the manner in which he was prevented by such mistake from making redemption, nor as to the manner or time in which he attempted or offered to redeem, nor as to any offer or tender to the holder of the sheriff's deed. This suit was commenced March 14, 1907. The full amount required to redeem in December, 1905, was approximately $700. The value of property was $2,500.

I.  To say the least, the plaintiff has not made an impressive case on paper. The inadequacy of the price is great, and appeals to the court. But it has always been held that mere inadequacy of price will not justify an interference by a court of equity with the operation of the statute. *Griffith v. Harvester Company,* 92 Iowa, 642; *Sigerson v. Sigerson,* 71 Iowa, 476; *Peterson v. Little,* 74 Iowa, 223; *State Savings Bank v. Shinn,* 130 Iowa, 368. That a court

1. EXECUTION SALES: action to redeem.

.of equity may grant relief where a party has been prevented from making redemption by accident or mistake may be conceded. *Wakefield v. Rotherham,* 67 Iowa, 447. Whether it can be said that the averments of fact in this case show such a mistake as a court of equity may take cognizance of, and whether it can be said that such mistake was without fault of the plaintiff, and whether it can be said that such mistake caused the failure of redemption, are questions of grave doubt, to say the least. At these important points the allegations of the petition lack directness and specific statement, even if they are not manifestly evasive.

Appellant has furnished us with a reproduction of the appearance of the sheriff's letter which misled him. Without saying that it might not, under some circumstances have misled a reader thereof, we are not greatly impressed by it. It will be observed, 2. Same. also, that the letter of the clerk and sheriff purported to refer only to two of the execution sales, being those held on December 5th. No reference whatever was made to the sale of December 8th. Appellant can not claim to have been misled by the letter as to the last sale, because it contained no reference thereto. True, he might have been led to believe by the letter that there were only two sales, but he does not so aver in his petition. If we should hold that he was honestly and in good faith misled as to the two sales of December 5th, it would only entitle him to relief as against those two sales. If, because of such mistake, the time of redemption had been extended up to December 15th as to those two sales, he would still have lost his property under the sale of December 8th, unless he had redeemed before the expiration of that year of redemption. His averment is that he offered to redeem within the period ending December 15th. The sheriff's deed was actually issued on December 9th under the sale of December 8th. Whether the plaintiff offered to redeem

before December 9th does not appear from his petition. We must, therefore, assume that he did not. This fact alone would put him beyond the reach of equitable relief, even though we should find that he would have been entitled to such relief as against the two sales of December 5th.

II. There is a further reason why we can not extend relief. Plaintiff avers that he offered to redeem by paying to the clerk, etc. We must construe his petition to mean that he made this offer to the clerk after the issuance of the sheriff's deed. The clerk had no power to accept redemption at that time, even though the plaintiff had been entitled to equitable relief. However, section 4057 of the Code provides that whenever any question arises with reference to the right of redemption the party claiming the right may deposit with the clerk the amount necessary to redeem, and file an affidavit which shall become the foundation of a hearing before the court or judge. The plaintiff did not pay any money to the clerk nor file any affidavit. His contention here is that such section has no application to a question arising after the expiration of the year of redemption. Accepting the plaintiff's contention on this point, without further discussing it, he can not claim an attempt to comply with section 4057. His offer of redemption, then, to the clerk becomes quite meaningless, except as it may bear upon the question of his good faith. There is no averment in his petition that he ever offered or tendered redemption to the holder of the sheriff's deed, or that he ever made known to him in any way his claim of mistake. If plaintiff had been misled by mistake and entitled to equitable relief against the sheriff's deed by reason thereof, then under a most elementary rule in equity the holder of the sheriff's deed was entitled to prompt notification of the mistake, and to the immediate offer of redemption and a tender of the amount necessary there-

3. SAME: tender of redemption.

for. For aught that appears here, the holder of the sheriff's deed would have recognized his right and accepted redemption. The plaintiff could not speculate upon his right to equitable relief against the mistake, and could not keep it as a continuing right to be exercised or abandoned in the future as he might see fit without first committing himself unreservedly to an offer and tender of redemption. To hold otherwise would be to enable the plaintiff to extend the year of redemption, not only to December 15th, but to an indefinite time thereafter.

III. As already indicated, the hardship involved in the inadequacy of price appeals to the court, but we can hold out only a shortened arm to the complainant in such a case as is presented here. The right to redeem from sheriff's sale is statutory. It must be exercised within the statutory time or the statute must fall into contempt. The time is fixed and certain, and presumably long enough. In any event, the statute confers on the court no discretion nor power of mercy in relation thereto. The inadequacy of price was as apparent at the beginning of the year of redemption as at its close. In this case the fact that the value of the property was greatly in excess of the debts tends to emphasize the dilatoriness and neglect of the plaintiff. His property was so largely in excess that he could at any time have negotiated a loan thereon sufficient to discharge the debts. If his margin of value had been less, his difficulties would have been greater. It is the debtor whose debts equal the larger part of the value of his property who has the real need of the last day of redemption, and who may, after all diligence, be compelled, for want of security, to see his margin of value disappear in the wreckage of a sheriff's sale. In this case plaintiff had two years' time to pay the first judgment, and one year to pay the other two, before executions were levied on his property. The statute gave him another year of redemption. After the expira-

4. SAME: redemption: extension of time.

tion of the year of redemption, he waited fifteen months longer before making an offer of redemption to the holder of the sheriff's deed.

His property was at all times sufficient security to enable him to refund his debts. He could have refunded his debts and redeemed his property on any day he might choose during the preceding two or three years; but he chose to wait until the last day of the last year. The chasm and the brink were more inviting to him than safe ground. He has found a pit which is beyond our reach. Although equity will always seek to relieve against the consequences of accident or mistake, it must guard itself that it offer no premium to neglect or default. Nor can it make too light of the statutory rights of the adverse party. We see no ground in this case upon which we can properly interpose our equitable jurisdiction against the operation of the statute.

The decree of the court below is *affirmed.*

WEAVER, J., not sitting.