JOHN W. DICKINSON, Plaintiff, Appellant, v. EMMA G. JOHNSON, et al., Defendants, Appellees; L. B. & T. B. GRIFFIN, Interveners, Appellees.

**Homestead:** ACTION TO SET ASIDE A SALE: EVIDENCE. In this action to
1   set aside a sheriffs sale of property on the ground that a part of the same constituted the debtors homestead, the evidence is held to show that the property was not the homestead of plaintiff.

**Execution Sales:** SEPARATE TRACTS: SALE EN MASSE. Where several
2   tracts levied upon under execution are offered for sale by the sheriff separately, but no sale is made of the tracts separately because of want of bidders, he is not bound to adjourn the sale, but if the proceedings are regular he may offer and sell the tracts *en masse*. The sale *en masse* in the instant case is upheld.

*Appeal from Polk District Court.*—HON. LAWRENCE
DE GRAFF, Judge.

WEDNESDAY, JULY 2, 1913.

ACTION to set aside sheriff's sale and to quiet title in plaintiff to certain property, claimed by plaintiff to be his homestead. Appellees deny the alleged homestead character

of the property, and claim that the properties were first offered separately, but there being no bidders the sale was then made *en masse.* Interveners say that in an action of Emma G. Johnson, defendant herein, against them and plaintiff herein, a judgment was rendered against them as sureties for this plaintiff. They object to the opening up of the judgment heretofore satisfied by the sale of the property in controversy, by which they were released and discharged, and they plead an estoppel. The court found that the equities were with the defendants and interveners, dismissed plaintiff's petition, and quieted the title in defendants. Plaintiff appeals.—*Affirmed.*

*E. P. Hudson,* for appellant.

*Ira W. Anderson, E. D. Marshall,* and *T. F. Stevenson,* for appellees.

PRESTON, J.—Two points are raised. Appellant contends that one of the properties levied upon and sold was his homestead. The proposition most strongly argued is that it was sold with other property *en masse,* and that the sale should be set aside for that reason.

The trial court found that the property claimed by the plaintiff as a homestead did not possess that character. In our opinion the finding is abundantly sustained by the evidence. On appellant's own showing he did not acquire any homestead interest, if at all, until after the debt to appellee was contracted. Without discussing the evidence at length, it appears therefrom that the debt was contracted, as to appellant, February 4, 1904. In the summer of 1907 plaintiff sold his homestead in Boone, Iowa. This property and that for which it had been exchanged had been his homestead since 1898. In October, 1907, plaintiff's wife obtained a divorce from him and took their four year old child. It is not shown

1. HOMESTEAD: action to set aside a sale: evidence.

whether the child was awarded to plaintiff or the wife. It did not live with plaintiff at that time, but visited him for short intervals after the divorce. Plaintiff married again, but he and his second wife separated in about a week. Plaintiff lived in the property in controversy from about September, 1908, a part of the time boarding with another family. Plaintiff came to Des Moines in the spring of 1908, and from April to September lived in another property. There was a time in 1907 when plaintiff was not the head of a family, and when the homestead, if he then had one, or its proceeds, would be subject to execution. Plaintiff's first wife left him three or four months before the divorce was granted, and went to Glidden, Iowa. The divorce was granted in another county. The homestead in Boone was sold evidently about the time of the separation. When the property in Boone was sold, the proceeds were deposited in a bank with other funds and in the same account, upon which plaintiff checked for general purposes. About two months after this sale plaintiff bought land in Colorado as an investment, which, twelve or fourteen months thereafter, he traded for the property he now claims as a homestead, taking a deed in blank, and later inserting the name of his partner, Ryan, as grantee. He received a deed from Ryan about a year and a half after his second wife commenced suit against him. He did not satisfactorily trace or show that the money he invested in Colorado land was the proceeds of the sale of his Boone homestead. Some of it may have been. Nor is it satisfactorily shown that the land traded for the alleged homestead in question is the same land claimed to have been bought with the proceeds of the Boone homestead. He bought nine quarter sections of land in Colorado, not all from one person, and traded six of them for this alleged homestead. While he testifies that he bought the Colorado land as an investment, he claims it was his purpose to trade it for another homestead. He did not declare to any one his intention of reinvesting the proceeds of his Boone property in another homestead. Taking into consideration

the breaking up of his family and other circumstances, it is doubtful if he had an intention of making a *bona fide* change of homestead. But if he had such an intention, he invested the proceeds of the prior homestead, as he claims, in land in another state which he could not hold as exempt. There are other circumstances, but, without referring to the evidence further, it is sufficient to say that the finding of the trial court was correct. See, as bearing on this point: The *Peninsula Stove Co. v. Roark,* 94 Iowa, 560; *Dalton v. Webb,* 83 Iowa, 478.

Appellant claims that the sale was voidable because two properties were sold together. The property now claimed as a homestead is referred to in the evidence as the Pennsylvania avenue property, the other as the Eighth street property, both in Des Moines. The properties are about two miles apart. Plaintiff's claim is that on account of the properties being sold together he could not redeem, or protect either property, without paying the whole bid. The properties were both heavily incumbered. The Eighth street property is shown to have been worth about $15,000 and was incumbered by a mortgage for $11,000. This mortgage was in process of foreclosure at the time of this levy. Defendants did not redeem this property from the foreclosure sale, so it is gone as to both plaintiff and defendants. The Pennsylvania avenue property is shown to have been worth about $8,000 and was incumbered by two mortgages, one for $5,000, and one for $1,000. The two properties were bid in by the execution plaintiff for $1,734.80. Plaintiff paid the balance of the judgment, about $500, in money. The undisputed evidence is that the sheriff first offered the properties separately, and there being no bids they were sold together. It does not necessarily follow that because they were sold together that the sale should be set aside. Plaintiff had personal notice of the levy, but did not claim to the sheriff that either property was a homestead. He did not personally attend the sale. The sale was held Febru-

2. EXECUTION SALES: separate tracts: sale en masse.

ary, 26, 1909. This suit was brought February 25, 1910. The sheriff's deed was executed May 25, 1910, since which time the Eighth street property has been twice conveyed.

Whether plaintiff's application to set aside was timely has not been argued and need not be determined. The sheriff must, of course, act for the best interest of all concerned, and not prejudice the rights of the debtor; but the creditor has a right to make his claim. Plaintiff has the right of redemption for a year, which is a reason why the sale should not be set aside for a mere irregularity. In this case after the properties had been offered separately without bidders there was nothing for the sheriff to do but to sell together, or adjourn the sale. He was not bound to adjourn where all the proceedings of the sale are in strict conformity to the law. No other irregularities are shown or claimed, except the sale *en masse*. If lands cannot be sold in separate tracts for want of bidders it is proper to sell *en masse*. *Conn. Mutual v. Brown,* 81 Iowa, 42. The Eighth street property consisted of more than one lot, but it was not practicable to sell the lots comprising the Eighth street property separately because of the character of the buildings, and the lots, the one heating plant for the flats, etc., though they were offered separately. It was said in *Cooper v. Trust Savings Bank,* 149 Iowa, 336, 343, that the statute should not be construed too narrowly as applied to the case of incumbered real estate or sales *en masse*.

There is no evidence in the record that the property could have been advantageously sold separately. See, also, *Wilson v. Cory,* 114 Iowa, 208; 17 Cyc. 1251, 1252.

In our opinion the decree of the district court was right, and it is *Affirmed*.