HARRIET A. TICE et al., Appellants, v. W. M. TICE et al., Appellees.

No. 39171.

APRIL 5, 1929.

*Korf & Korf,* for appellants.

*Devitt & Eichhorn* and *Ayres, Alberson & Nourse,* for appellees.

MORLING, J.—This is not a proceeding to set aside an execution or levy or sale thereunder, or to order resale for irregularity, nor is any question of notice involved, nor is it claimed that the decree of the Jasper district court is in any respect void. The sole contention of the plaintiffs, in substance, is that, under the decree, the clerk of the Jasper district court had no authority to issue an execution directing the sale of the Mahaska County land; that the Jasper County sheriff had no authority to levy upon or sell that land; that the authority of the Jasper County sheriff was confined to the limits of his own county, and to property within that county; and that his acts outside the limits thereof were without jurisdiction and void.

The mortgage created a lien on all of the property, on that in Mahaska County, as well as on that in Jasper County. By statute, no mortgage shall be foreclosed in any other manner than by action in court by equitable proceedings. Code of 1897, Section 4287 (Code of 1927, Section 12372). Section 3493, Code of 1897 (Section 12374, Code of 1927), requires the action for foreclosure to be brought in the county in which the property to be affected, or some part thereof, is situated.

Foreclosure "is selling the property under the direction and in pursuance of an order of the court by an officer thereof, or a person appointed for that purpose, and applying the proceeds of the mortgaged premises to the discharge of incumbrances according to priority, and paying the balance, if any, to the mortgagor." *Kramer v. Rebman,* 9 Iowa 114, 119.

It "is the depriving the mortgagor of the right of redeeming a mortgaged estate. Strictly speaking, it does not occur, under our practice, until the sheriff's sale." *Schmidt v. Potter,* 35 Iowa 426, 428.

Through foreclosure, the court of equity proceeds against the particular mortgaged property and decrees its sale. With respect to the foreclosure, the suit is in the nature of one *in rem.* *McDonald v. Second Nat. Bank,* 106 Iowa 517, 523. The district court is a court of general jurisdiction in chancery, and the Jasper district court had full jurisdiction of the parties, the

cause of action, and the subject-matter. It is provided by Section 4289, Code of 1897 (Section 12376, Code of 1927):

"When a mortgage or deed of trust is foreclosed, the court shall render judgment for the entire amount found to be due, and must direct the mortgaged property, or so much thereof as is necessary, to be sold to satisfy the same, with interest and costs. A special execution shall issue accordingly, and the sale thereunder shall be subject to redemption as in cases of sale under general execution."

By the next section, if there is a deficiency, a general execution may be issued. The court was required to direct the sale of the mortgaged property; or so much thereof as was necessary. The command of the statute is that, to make such sale, special execution shall issue. The sale under consideration is a sale, not under a general execution, but under a special execution, issued under the requirements of the decree and of the statute. Execution is the putting into effect the final judgment of the court. A special execution is putting into effect the judgment against the particular property specified in the decree. The Jasper district court decreed the sale of the land and the issuance of a special execution therefor, as it was its duty to do. This special execution was its process, and was necessarily required to be issued by its clerk, not by the clerk of another court. The proceedings, including the decree, were directed to all of the mortgaged land, and the plaintiff in the decree was entitled to have all of it, or so much as necessary, sold under the special execution. It may be discretionary with the court to order separate special executions, and to order them issued to the different counties in which the lands are situated, and to order the sales of the separate tracts in the several counties in which they are respectively situated; and it may be that the defendants in the foreclosure suit might have applied for and obtained direction for sale accordingly; but no such question is involved here. The clerk of the Jasper district court, in issuing the execution, was proceeding in accordance with the direction of the court of which he was the clerk. The sheriff of Jasper County was the administrative officer of the Jasper district court, and in what he did, was proceeding under the special execution directed by that court to him.

The purpose of the statute apparently is, while preserving to the mortgagee an adequate remedy, to provide for a hearing to both parties, and to finally settle and determine their rights, and, in cutting off the mortgagor's right of redemption, to do so through the medium of a sale under decree and supervision of the court, with a right of statutory redemption, and thereby to secure from the mortgaged property for both parties the utmost practicable. A mortgaged tract, though located in different counties, may be so improved, used, and enjoyed as to be, from the practical, operative, and marketable standpoint indivisible. Again, physically the tract may not be adapted to division. To divide it may be largely destructive of value. To sell it in parcels according to the county line, under different writs, at different places, might be extremely detrimental to the interests of both mortgagor and mortgagee. Such sale might embarrass the mortgagor in the exercise of his right to plan a division and require a sale according to such plan as permitted by Section 11733, and might further hamper him in exercising his statutory right of redemption. It is the policy of the law that execution sales shall be made in such manner as not thereby to disable the creditor from collecting his judgment (*State Sav. Bank v. Shinn*, 130 Iowa 365, 469), and as to protect the debtor in his right to have as much realized as practicable. *Connecticut Mut. Life Ins. Co. v. Brown*, 81 Iowa 42. The statute is to be construed in the light of a beneficent legislative purpose, and the power includes everything necessary to accomplish that purpose. *Cosson v. Bradshaw*, 160 Iowa 296; *Rauen v. Prudential Ins. Co.*, 129 Iowa 725, 732; *Wood v. Farmer*, 69 Iowa 533, 537; *Connecticut Mut. Life Ins. Co. v. Brown*, 81 Iowa 42. It is not necessary, nor is it to be expected, that the statute will provide all the minutiæ or details for carrying it into effect. The power expressly conferred carries with it all such incidental power and authority to the court and to its clerical and administrative officers acting under its decree as are necessary to carry out practically and reasonably the legislative intent. Idem; *Goldtree v. McAlister*, 86 Cal. 93 (23 Pac. 207, 24 Pac. 801); *Wells v. Wells-Crawford*, 120 Ore. 557 (251 Pac. 263); *Hudgins v. Mooresville Cons. Sch. Dist.*, 312 Mo. 1 (278 S. W. 769). The Jasper district court clerk in issuing the execution was proceeding in accordance with the direction of the court whose clerical officer he was. The

sheriff of Jasper County was the administrative officer of the court, and in proceeding under the special execution, was, as its officer, acting by command of the court, under statutory authority.

Plaintiffs rely upon the general rule that a sheriff has no authority to act outside the limits of his own county. *Parmlee v. Leonard,* 9 Iowa 131; *Pomroy & Co. v. Parmlee,* 9 Iowa 140; *Benson v. Smith,* 42 Me. 414 (66 Am. Dec. 285); *Alred v. Montague,* 26 Tex. 732 (84 Am. Dec. 603); 35 Cyc. 1528; and many similar cases. Such cases, however, are those in which the sheriff is acting by virtue of his general authority, and not, as here, as part of the judicial machinery for the administering of a particular remedy granted by statute. We are of the opinion that, pursuant to the decree in question, it was within the jurisdiction of the court to issue the writ in question here to the officer of the county in which the court was sitting, and that thereunder it was within the power, and was the duty, of the sheriff to make sale of the tracts in both counties, as if the land were situated altogether in his own county.—*Affirmed.*

EVANS, STEVENS, DE GRAFF, and KINDIG, JJ., concur.

WAGNER, J., not participating.