ANGELINE H. ADAMS et al., Appellants, v. MARGARET V. MORRISON et al., Appellees.

No. 42741.

MARCH 23, 1935.

F. W. Lohr, for appellants.

Milchrist, Schmidt, Marshall & Jepson and Martin Neilan, for appellees.

KINTZINGER, J.—The plaintiffs in this case are the heirs of one William Chadwick Hutchins against whom the defendant, Margaret V. Morrison, obtained a judgment of $3,207.50, on April 9, 1931. Under a general execution issued upon the judgment, the sheriff, on December 14, 1931, levied upon about 149 different lots in various parts of Sioux City, Iowa, as belonging to the judgment debtor. On the date fixed for the execution sale, on April 26, 1932, the sheriff sold to Margaret V. Morrison for $3,562.80 all of the lots

levied on en masse, including several lots to which plaintiffs had no title.

As grounds for vacating the sale, plaintiffs allege substantially: (1) That the property was sold en masse, without first being offered in separate tracts; (2) that the property was sold for a grossly inadequate consideration; (3) that the property sold included some 8 or 10 lots to which the judgment debtor had no title.

I. The record in the case shows that the property in question was offered in separate tracts and no bids were received therefor. The evidence then shows that the property was sold en masse by the sheriff without declaring an adjournment as authorized by statute. This action of the sheriff, in and of itself, did not constitute error. Conn. Mutual Life Ins. Co. v. Brown, 81 Iowa 42, 46 N. W. 749; Security Savings Bank v. King, 198 Iowa 1151, 199 N. W. 166; Bowden v. Hadley, 138 Iowa 711, 116 N. W. 689; Hill v. Baker, 32 Iowa 302, 7 Am. Rep. 193; Lamb v. McConkey, 76 Iowa 47, 40 N. W. 77; Copper v. Iowa Trust & Sav. Bank, 149 Iowa 336, 128 N. W. 373.

It is also contended that the sale of this large number of lots en masse for $3,562.80 was for a grossly inadequate consideration and for that reason should have been set aside. It is the settled law of this state that the sale of real estate under execution for an inadequate consideration is not, in and of itself, a sufficient reason for setting aside the sale. Bowden v. Hadley, 138 Iowa 711, 116 N. W. 689; Conn. Mutual Life Ins. Co. v. Brown, 81 Iowa 42, 46 N. W. 749; State Savings Bank v. Shinn, 130 Iowa 365, 106 N. W. 921, 114 Am. St. Rep. 424; Dickinson v. Johnson, 161 Iowa 252, 142 N. W. 407; Copper v. Iowa Trust & Sav. Bank, 149 Iowa 336, 128 N. W. 373; Lamb v. McConkey, 76 Iowa 47, 40 N. W. 77; Griffith v. Milwaukee Harvester Co., 92 Iowa 634, 61 N. W. 243, 54 Am. St. Rep. 573; Jonas v. Weires, 134 Iowa 47, 111 N. W. 453; Sigerson v. Sigerson, 71 Iowa 476, 32 N. W. 462; Equitable Trust Co. v. Shrope, 73 Iowa 297, 34 N. W. 867; Tharp v. Kerr, 141 Iowa 26, 119 N. W. 267.

For the purposes of this case, therefore, it may be assumed that neither the sale of the property en masse, nor the sale thereof for an inadquate consideration constitutes sufficient grounds to vacate the sale.

II. It is contended, however, that the court erred, in refusing to set aside the sale because of the sale of the debtor's prop-

erty en masse *together with several other lots to which he had no title whatever.*

It was alleged and proven that all of the lots owned by the debtor were levied on and sold en masse *together with several other lots to which he had no title.*

The defendant, Morrison, on oral and written motion, moved the court to strike out all allegations contained in plaintiffs' petition in reference to the sale of lots to which they had no title. This motion was sustained. It is contended that the court's ruling on this motion is erroneous and constitutes sufficient ground for a re-sale under another execution.

The sale of plaintiffs' property en masse, together with several other lots not belonging to the plaintiffs, for a lump sum, made it impossible to determine how much each tract sold for, and prevented plaintiffs from exercising their right of redeeming the property belonging to them. The several other lots included with those belonging to plaintiffs may have had some value, but there is no evidence tending to show how much. It was therefore impossible to determine what proportion of the sale price was paid for the lots not belonging to them.

These facts constitute sufficient grounds to vacate the sale. The doctrine was announced in the case of Bradford v. Limpus, 13 Iowa 424, loc. cit. 425, and has never been changed. In that case the court said: After the sale the judgment debtor "moved to set aside said levy and sale, because he was not the legal owner, and never had been, of the first named tract of land, yet that the three tracts, susceptible of division, had been sold altogether * * * in such a manner that it was impossible to determine how much each tract sold for, so as to enable him to exercise his right of redemption, * * * with regard to the two last pieces * *, * of which he was the owner. The motion was sustained by the court, * * *. We see no reason to change that ruling, and must affirm the decision below."

This doctrine has some support in Dorsey v. Bentzinger, 209 Iowa 883, 226 N. W. 52, based upon section 11734 of the Code of 1931, which provides:

"When any person shall purchase at a sheriff's sale any real estate on which the judgment upon which the execution issued was not a lien at the time of the levy, * * * the court shall set aside such sale on motion, * * * and a new execution may be issued

to enforce the judgment, * * * *said motion may also be made by any person interested in the real estate."* (Italics are ours.)

Under this statute it was held that a refusal to sustain a motion to set aside the sale was erroneous.

If various lots upon which the judgment was not a lien were sold under execution en masse together with lots belonging to the judgment debtor for a lump sum, the judgment debtor's right of redemption would necessarily be seriously embarrassed because of his inability to determine the amount paid by the purchaser for the lots belonging to the judgment debtor; it being impossible to pro rate the price received for plaintiffs' lots with the price received for the others.

So far as we can find the case of Bradford v. Limpus, 13 Iowa 424, has never been overruled; that case therefore controls our decision here. For the reasons herein expressed, the decree of the lower court is reversed, and the case is remanded, with instructions for a re-sale in harmony herewith.—Reversed and remanded.

ALBERT, DONEGAN, PARSONS, and RICHARDS, JJ., concur.