The FEDERAL LAND BANK OF
OMAHA, A Corporation,
Plaintiff–Appellee,

v.

Kenneth R. REINHARDT a/k/a Kenneth Reinhardt and Doris L. Reinhardt, husband and wife, and William Reinhardt, Defendants–Appellants,

Emmet County State Bank, Defendant.

No. 87–956.

Court of Appeals of Iowa.

June 29, 1988.

Christopher A. Bjornstad of Cornwall, Avery, Bjornstad & Scott, Spencer, for defendants-appellants.

Herbert R. Bennett of Bennett & Wilke, Fort Dodge, for plaintiff-appellee.

Heard by HAYDEN, P.J., and SACKETT and HABHAB, JJ.

HAYDEN, Presiding Judge.

Defendants, Kenneth and Doris Reinhardt and their son, William Reinhardt, appeal the district court judgment setting aside the sheriff's sale of Kenneth and Doris Reinhardt's farm. They contend plaintiff, The Federal Land Bank of Omaha (Land Bank), failed to show excusable neglect or ignorance, or irregularities in the notice of the sale. We affirm.

Our scope of review is de novo. Iowa R.App.P. 4. We give weight to the fact findings of the district court, especially when considering the credibility of witnesses, but are not bound by them. Iowa R.App.P. 14(f)(7).

Land Bank brought this action to set aside the sheriff's sale after the farm was sold to William Reinhardt for $363.70, plus $136.30 in costs. It is undisputed the ap-

proximate value of the farm at that time was $50,000. The purpose of the sale was to satisfy Land Bank's in rem judgment for $77,362.39 against Kenneth and Doris Reinhardt. The Reinhardts had no personal liability because they had been discharged in bankruptcy.

Land Bank and its attorney received notice of the date and time of the sale, but through inadvertence and mistake did not attend it. The mistake primarily involved filing and calendaring miscues in the office of Land Bank's attorney. He was supposed to attend the sheriff's sale on Land Bank's behalf and bid in the fair market value of the property, plus costs. Due to the mix-up in his office, he neglected to attend the sale. Ultimately, William Reinhardt's bid in the total amount of $500 was accepted. Land Bank asserts this amount was grossly inadequate and the sheriff abused his discretion by failing to postpone the sale.

It is not disputed the sheriff had discretion to set aside the sale. *See* Iowa Code § 626.81. Nor is it disputed a failure to properly exercise this discretion may be grounds for setting aside a sale. *See, e.g., Francis v. Todd & Kraft Co.,* 219 Iowa 672, 676, 259 N.W. 249, 252 (1935). The general rule, however, is that a unilateral mistake of fact or a mistake of law by the mortgagee at a foreclosure sale does not entitle the mortgagee to set aside the sale. *See Farmers Sav. Bank v. Gerhart,* 372 N.W.2d 238, 243 (Iowa 1985).

There are, of course, exceptions to the general rule, usually involving mistakes of fact or law. *Id.; Crawford v. Foreman,* 127 Iowa 661, 664, 103 N.W. 1000, 1001 (1905). Although mere inadequacy of consideration is generally not of itself ground for setting aside a sheriff's sale, *Adams v. Morrison,* 219 Iowa 852, 853, 259 N.W. 582, 583 (1935), a sale for a *grossly* inadequate price may be attacked. *Willis v. Farmers State Bank,* 261 Iowa 689, 695, 155 N.W.2d 407, 411 (1968).

However, equitable relief should be granted only when enforcement of the sale would impose an oppressive burden on the party seeking vacation and vacation of the sale would result in no substantial hardship other than rescinding the bargain. *Gerhart,* 372 N.W.2d at 244. The showing to be made is similar to that required to set aside a contract on the grounds of unconscionability. *Id.* A bargain is unconscionable if it is such as no man in his senses and not under delusion would make on the one hand, and as no honest and fair man would accept on the other. *Smith v. Harrison,* 325 N.W.2d 92, 94 (Iowa 1982).

We are persuaded a sale price of $500 for property valued at $50,000, as in this case, is grossly inadequate. It is clear enforcement of this sale would impose an oppressive burden on Land Bank. Moreover, vacation of the sale would result in no substantial hardship other than rescinding the unconscionable bargain obtained by William Reinhardt. We conclude the district court was correct in setting aside the sale. This order is conditioned, however, upon Land Bank paying the district and appellate court costs, including all sale expenses and attorney fees assessed as costs. *See Gerhart,* 372 N.W.2d at 246.

AFFIRMED.

HABHAB, J., concurs.

SACKETT, J., specially concurs and dissents.

SACKETT, Judge (concurring in part and dissenting in part).

I would concur with the majority in all respects except I would modify the order to provide defendant pay to William Reinhardt the sum of $2,500 to cover his expenses and fees.