Stidger v. Evans.

do so, the equities are not so persuasive as to authorize us to grant such relief.

AFFIRMED.

## STIDGER v. EVANS.

1. **Dower:** CUT OFF BY SALE OF REAL ESTATE BY ASSIGNEE FOR BENEFIT OF CREDITORS. Where one makes an assignment under the statute of all his property, including real estate, for the benefit of his creditors, a sale of the real estate by the assignee is such a "judicial sale" as will, under § 2440 of the Code, cut off the wife's right of dower therein. See *Sturdevant v. Norris*, 30 Iowa, 65.

2. **Practice in Supreme Court:** STARE DECISIS. Where a former decision of this court has long been acquiesced in, and to overrule the principle on which it is based would result in disturbing the titles to much real estate which has been bought and sold in reliance thereon, this court will stand by the principle, and will not stop to inquire what it would do were the question *res nova*.

*Appeal from Montgomery Circuit Court.*

MONDAY, JUNE 9.

ACTION IN EQUITY. The plaintiff avers that she is the widow of W. C. Stidger, who died intestate in 1880; that during her marriage to him he was seized in fee simple of certain real estate in the city of Red Oak Junction; that she has never made any relinquishment of her rights in said property, and that the same has not been sold on execution or judicial sale. She prays that her share may be set out to her.

The defendant admits that the plaintiff's husband was at one time the owner of the property, but denies that it has not been sold on judicial sale. He avers that the plaintiff's husband made a general assignment to one Hillis for the benefit of his creditors, under the statute providing for such assignment, and that Hillis, in the discharge of his duties as assignee under the statute, sold and conveyed the property in question to the defendant, and that by such sale the plaintiff's rights

became divested. There was a decree for the defendant. The plaintiff appeals.

*W. S. Strawn,* for appellant.

*McPherson & Murphy* and *C. E. Richards,* for appellee.

ADAMS, J.—The fact of the assignment, and of the sale and conveyance by the assignee to the defendant, is shown by an agreed statement. The question presented is as to whether the plaintiff's rights became divested by the assignee's sale and conveyance. The assignment was made in August, 1873. Under the law then and ever since in force, the surviving wife is entitled to "one third in value of all the legal or equitable estates in real property possessed by the husband at any time during the marriage, which have not been sold on execution or any other judicial sale, and to which the wife has made no relinquishment of her right." Code § 2440. If the assignee's deed divested the plaintiff's right, it is because the sale made by him was a judicial sale within the meaning of the statute. The plaintiff insists that it was not such. Her position is that a sale can properly be denominated a judicial sale only when it is made under the direction, or is subject to the approval, of a court or judge, and she insists that this sale was not.

1. DOWER: cut off by sale of real estate by assignee for benefit of creditors.

It is not claimed by the defendant that the sale was made under the express direction of a court or judge, or was expressly subject to approval by a court or judge, but his position is, as we understand it, that we may assume that it was made under judicial supervision. The statute provides that the assignee shall file with the clerk of the court a full and true inventory, and shall give a bond to the clerk, with sureties to be approved by him, before he can proceed to perform any duty necessary to carry into effect the intention of the assignment. Code, § 2118. The statute also provides that "the assignee shall at all times be subject to the order and

supervision of the court or judge." Code, § 2123. Whether these provisions, in the absence of any adjudication, could be deemed sufficient to justify us in regarding the sale in question as a judicial sale, may perhaps admit of some doubt. But in *Sturdevant v. Norris*, 30 Iowa, 65, a question arose respecting the same statute under consideration in the case at bar. In that case a sale was held to be a judicial sale, which appears to have been quite as far removed from any judicial direction or approval as the one in question. The sale in that case was made in pursuance of a provision for the foreclosure of a mortgage by simply giving notice of sale. It was admitted that by the term "judicial sale," strictly speaking, is meant a sale by authority of some competent judicial tribunal. And, while it was not claimed that the sale in that case was such, it was thought that it was to be regarded as a judicial sale within the meaning of the statute. It was made in pursuance of a mode provided by law, whereby one person conveyed another person's property and divested him of his interest. Now, while the sale in the case at bar is not of the same kind in all respects, the difference, so far as we can see, is immaterial. It was made in pursuance of a statutory provision for disposing of the insolvent person's property. We think that there is no difference in principle, so far as the question before us is concerned, and we think we could not hold that the sale in the case at bar is not a judicial sale, without substantially overruling that case. Without expressing any opinion as to what should have been the ruling in that case, when the case was an open one so far as the particular statute under consideration is concerned, we have to say that we do not think that it should

2. PRACTICE in supreme court: stare decisis.

now be overruled. That decision was made in 1870. Since then a large amount of real estate has been sold by assignees of insolvent debtors, and we may presume that the purchasers, in many instances at least, have relied upon the ruling in that case as to what constitutes a judicial sale within the meaning of the statute providing for the widow's distributive share.

While we reach our conclusion mainly through a desire to stand by the previous rulings of the court upon questions analogous in principle, as well as those which are strictly identical, we may be allowed to say that it appears to us that the general result is by no means undesirable. The rule contended for by the plaintiff would manifestly often result in more or less sacrifice of the insolvent's property, without any certain benefit to the wife.

No rule is to be commended which results in keeping titles unsettled by reason of outstanding contingent interests. Property with such title must often remain for years without substantial improvements, and of less value than it otherwise would be. In our opinion the circuit court did not err in dismissing the plaintiff's petition.

AFFIRMED.