MAUD MOSHER and L. L. MOSHER, v. McDONALD & CO.,
ET AL., and C. F. FRANCE, Appellant.

**Jurisdiction:** PRESUMPTION AS TO SERVICE. Parol evidence of a defendant and others that he was absent from the state at the time the return on the original notice shows service to have been made, is held insufficient to overcome the presumption in favor of the regularity of the return and the recitals of service contained in the decree.

**Judgments:** ASSIGNMENT: EVIDENCE. Evidence reviewed and held sufficient to show an assignment of the judgment, enforcement of which is sought to be restrained, to one of the plaintiffs.

**Judgments:** ACTION TO RESTRAIN ENFORCEMENT: PROOF. To restrain the enforcement of a default judgment on the ground that it is void for want of service, plaintiff need not plead and prove a valid defense to the action in which the judgment was rendered.

*Appeal from Polk District Court.*— HON. JAMES A. HOWE,
Judge.

WEDNESDAY, MARCH 15, 1905.

ACTION to restrain the enforcement of a judgment. Decree for plaintiff, and defendant C. F. France appeals. — *Affirmed.*

*A. A. McGarry* and *George B. France,* for appellant.

*Bowen, Brockett & Weldy,* for appellees.

McCLAIN, J.— In 1875 a judgment was rendered by default, in the district court of Polk county, in favor of McDonald & Co. against Lemuel Mosher (or L. L. Mosher, as he is named in these proceedings), on a promissory note

for $300, with interest and costs. In 1892 . defendant France made some effort to induce Mosher to pay this judgment, but, failing, he caused execution to issue, claiming to be the owner under assignment from the trustees of Mc-Donald & Co., who had become insolvent. In 1893 L. L. Mosher brought action against McDonald & Co., by publication, to restrain the enforcement of the judgment, on the ground that no service was had on him of the original notice in the action in which the judgment was rendered. The subsequent history of this proceeding by L. L. Mosher against McDonald & Co. is complicated, and there were collateral proceedings instituted in connection with the continuing attempts of France to enforce payment of the judgment, which need not be explained in detail. But in 1901 Maud Mosher, wife of L. L. Mosher, joined him with her in an action against McDonald & Co. and many other defendants, among them C. F. France, to restrain a sheriff's sale, under the original judgment, of certain real estate as that of her husband, which in fact belonged to her. With this action a continuation in some form of the proceedings in the prior injunction suit of L. L. Mosher against McDonald & Co. was consolidated, and by the decree appealed from, which was rendered in this consolidated action, the original judgment was canceled, set aside, and adjudged void, and further proceedings therein perpetually enjoined. Several questions of fact were involved in the issues tried, but, in the view we take of the case, only two of these need be considered.

I.   Plaintiff sought to overcome the presumption in favor of the jurisdiction of the court rendering the original judgment against Lemuel Mosher by evidence which tended to show that he was never served with notice of the action, but as against the recital of personal notice in the judgment itself and the sheriff's return, which was introduced in evidence, showing such service, we think the evidence introduced was not suffi-

1. JURISDICTION: presumption as to service.

cient to make out a case for plaintiffs. The return pur-
ported to be made for the sheriff by one John Burkett,
deputy, and the sheriff testified that Burkett was his deputy
at that time, that the return was filled out in his (the sher-
iff's) own handwriting, and that the signature was in the
handwriting of Burkett. The presumption in favor of the
recital, of the judgment record, and regularity of official
action are not overcome, in our judgment, by the parol
evidence of Mosher and others that he was absent from the
State at the time the return shows service to have been
made. *Ketchum v. White,* 72 Iowa, 193; *Wyland v. Frost,*
75 Iowa, 209; *Squires v. Jeffrey,* 101 Iowa, 676; *Farnsley
v. Stillwell,* 107 Iowa, 631; *Shehan v. Stuart,* 117 Iowa,
207.

The fact that no official record was introduced showing
Burkett's appointment is not controlling. He was, at least,
a *de facto* officer, and, that being shown, the presumption
of regularity attaches with reference to his acts.

II. Evidence was introduced for plaintiffs tending
to show that, when France first sought to induce Mosher
to pay this judgment, an arrangement was made by which

**2. JUDGMENTS:
assignment;
evidence.**

the judgment was by written assignment trans-
ferred to Mrs. Mosher for a consideration paid
by her. It would not be profitable to go into
the details of this evidence. It is sufficient to say that the
testimony of Mosher and his wife that such an assignment
was made is corroborated with more or less definiteness by
the testimony of other witnesses who were present, and by
circumstances which are established. The denial by France
that there was any such transfer is supported by his testi-
mony alone. It must be conceded that the transaction, as
testified to by the Moshers, was peculiar, and that it is a
subject of unfavorable comment that the assignment was
never set up or relied upon, as against the repeated efforts
by France to enforce the judgment, until the evidence of
such assignment was introduced on the trial of the present

case.  But Mosher was at all times protesting that the judg-
ment was void from the beginning, and Mrs. Mosher was
not a party to any of the proceedings until she joined her
husband with her in the last suit, in which it was sufficiently
alleged, not only that the judgment was void, but also, as
an independent fact, that France had no interest in it.   We
conclude, on the whole, that an assignment of the judg-
ment to Mrs. Mosher was substantiated by a decided pre-
ponderance of the evidence.

   III.   Counsel for appellant raise the point for the
first time in oral argument in this court that the pleadings
for the plaintiffs do not show a cause of action, in that it
is nowhere alleged that plaintiffs have any
valid defense to the judgment; but it will
hardly be claimed that if the judgment was
rendered without service of notice, and was therefore ab-
solutely void, it is incumbent upon the plaintiffs, seeking
to restrain its enforcement, to allege and prove a valid de-
fense to the cause of action on which he predicates his right
to proceed; and having found that, as a matter of fact, the
plaintiff Maud Mosher is the owner of such judgment by
assignment, this objection need not be further considered.

8. JUDGMENTS:
action to re-
strain en-
forcement;
proof.

   IV.   A motion of appellees has been submitted with
the case, asking affirmance on the ground that the record
was not properly preserved in the lower court, and we think
the motion well taken, but have preferred to base affirmance
on the merits.   Appellees also, ask by motion an affirmance
on the ground that the judgment has become barred by
the statute of limitations, but it appears that, within the
period during which action might be brought on the judg-
ment, defendant France in a cross-petition asked that the
judgment be revived, and thus avoided the completion of
the statutory bar.

   We find that the decree of the lower court is right, and
it is *affirmed.*