ELIZABETH PIERCE, Appellant, v. JAMES O'NEIL.

**Dower:** JUDICIAL SALE. The sale of land by a sheriff under a trust deed executed by the husband alone to secure payment of his debt, which is made in accordance with the authority contained in the deed, is a judicial sale within the meaning of Code Section 2096, and cuts out the dower interest of the grantor's widow.

*Appeal from Pottawattamie District Court.*— HON. W. R. GREEN, Judge.

FRIDAY, DECEMBER 14, 1906.

SUIT in equity to recover statutory interest in real estate that was owned by the plaintiff's husband during coverture. There was a judgment for the defendant, from which the plaintiff appeals.— *Affirmed.*

*Turner & Cullison,* for appellant.

*Fremont Benjamin,* for appellee.

SHERWIN, J.— The plaintiff is the widow of William Pierce, who died intestate in January, 1904. The parties were married prior to 1857, and were at that time husband and wife. In 1857 said William Pierce was the owner of the east half of the southeast quarter of section 7, township 76, range 39, in Pottawattamie county, Iowa. In the latter part of said year William Pierce, the then husband of this plaintiff, executed and delivered to one Ira Platner a deed of trust, conveying the land described herein. The deed was given to secure the payment of certain indebtedness evidenced by a promissory note of said William Pierce, and the wife, the plaintiff herein, did not join in said deed. The

deed, by its terms, provided that, in the event the note was not paid when due, the sheriff of said county should sell and convey the land described therein after giving ten days' notice of the time and place of sale by posting written notices thereof in some public place of the county, and that said sheriff was authorized to execute a deed to the purchaser of the land at the sale. Thereafter, the sheriff of the county, acting as such, sold the land in accordance with the terms of the deed, and executed and delivered to Ira Platner a sheriff's need, conveying to him the premises described in the trust deed; the same including the land involved in this action. The defendant acquired title through a chain of conveyances from said Platner.

The plaintiff contends that she has a common-law dower right in and to all of said real estate lying west of the Nishna Botna river, by reason of the fact that she is the widow of said William Pierce, and that the land was owned and possessed by him during the marriage, and she has made no relinquishment of her rights therein. She bases this claim on the contention that the land was not sold on execution or other judicial sale. It is the appellee's contention that the sale having been made in strict accordance with the trust deed in question, and for the purpose of satisfying the debt that it was given to secure, the sale was a judicial one, and that it conveyed title unincumbered by any dower right which might otherwise subsequently have accrued to the plaintiff as the widow of William Pierce. The facts thus presented bring the case clearly within the holdings of this court in *Sturdevant v. Norris,* 30 Iowa, 65, and *Stidger v. Evans,* 64 Iowa, 91. In the first of the two cases, the husband executed a mortgage on the land involved therein in which the wife did not join. The mortgage provided, in substance, that it might be foreclosed by notice and sale in the manner provided by the statutes then in force without proceedings in court; and it was held that a foreclosure thereof in the manner provided by law and the sale there-

under was in fact a judicial sale, within the meaning of the statute, although such mode of foreclosure was not strictly within the ordinary definition of a judicial sale. In the instant case, a trust deed having been executed and delivered for the purpose of securing the debt of William Pierce, it was, in effect, a mortgage, and, if a sale was made thereunder in strict accordance with the terms of said deed, no sound reason appears why it should not be deemed a judicial sale within the rule announced in the Sturdevant case. In Stidger v. Evans, Stidger made a general assignment for the benefit of his creditors, under a statute providing for such an assignment. The property thus assigned included real estate in which the wife of Stidger would have had a dower interest had her husband died the owner of the land. This land was duly conveyed by the assignee to the defendant Evans, and thereafter, and after the death of her husband, Mrs. Stidger brought an action to recover her statutory interest. It was held that the sale by the assignee was a judicial sale, within the rule announced in the Sturdevant-Norris case, *supra;* and it was further said the sale " was made in pursuance of a statutory provision for disposing of the insolvent person's property," and, further, that whatever should have been the ruling in the Sturdevant-Norris case, on the facts there presented, the decision had become a rule of property, and should not be disturbed; and it was held that the assignee's sale cut off any right which the widow might otherwise have had. Section 2096 of the Code of 1851 was in force at the time the sale in this case was made, and it provided that trust deeds might be foreclosed in accordance with their terms.

It is therefore manifest that the two cases cited control the case at bar, and that the judgment must be *affirmed.*