I. BOWDEN and EVA A. BOWDEN, appellants, v. H. E. HADLEY.

**Return of service:** EVIDENCE INSUFFICIENT TO OVERCOME. The testimony of a defendant in denial of service of notice upon him and in which he admits the officer called upon him for the purpose of making the service, but was dissuaded from doing so by defendant's statements that plaintiff had no cause of action, is not sufficient to overcome the sworn return of the officer in proper form.

**Execution sales:** NOTICE. The validity of an execution sale is not affected by a failure of the officer to give the notice thereof as required by statute.

**Same:** SALE *en masse:* INADEQUATE CONSIDERATION: EQUITABLE RELIEF. The objections that an execution sale is *en masse* and for an inadequate consideration are not, standing alone, statutory grounds for setting the sale aside, much less the title of a purchaser who has acquired a deed; there must be equity in the entire case to justify the interference of the court.

**Same.** The sale on execution *en masse* of two lots occupied by one building is not irregular; and in the instant case the sale was subject to a mortgage and the price was not therefore so inadequate as to require equitable relief.

**Mortgages:** FORECLOSURE AND SALE: TERMINATION OF DOWER INTEREST. A sale on foreclosure of a mortgage to satisfy the husband's debts, who is the holder of the legal title to the property, terminates the wife's inchoate right of dower, although she may have signed the note and mortgage and the notice of suit was insufficient to give the court jurisdiction to enter a decree against her, as against an action to set the sale aside.

*Appeal from Story District Court.*—HON. C. G. LEE, Judge.

WEDNESDAY, JUNE 10, 1908.

ACTION in equity to set aside a sheriff's sale and deed under decree of foreclosure, and to quiet title in plaintiffs to certain described real property which defendant claims as purchaser under such foreclosure sale. There was a decree dismissing plaintiffs' petition on the merits. and plaintiffs appeal.— *Affirmed.*

*Tom H. Milner,* for appellants.

*E. M. McCall* and *J. R. Larson,* for appellee.

MCCLAIN, J.—The real property to which this action relates consists of fractional portions of two town lots on which is situated a brick store building occupying the entire fraction of one lot and a portion of the fractional part of the other. On May 11, 1905, the People's Savings Bank brought action to foreclose a mortgage on these premises given by plaintiffs to secure payment of a promissory note for $900, which at that date was past due, and amounted, with interest, to $973.40. This mortgage which was executed by plaintiffs as owners of the premises, they being also the signers of the note, was subject to a prior mortgage

for $1,500 on the same premises.  After the foreclosure suit had been brought the plaintiff I. Bowden transmitted to the bank by draft the sum of $972, and a few days later $1.40; but he was then advised by the defendant, who was the attorney for the bank in the foreclosure proceeding, that there was still due for subsequently accrued interest and costs the sum of $34.35, and upon that amount being paid the action would be dismissed, the mortgage released of record, and the note and canceled mortgage returned to said Bowden.  On failure of the defendants in that action, plaintiffs in this, to pay the balance of accrued interest and the costs, judgment by default for failure of the defendants in the action to file answer was entered in the sum of fifty-five cents, and $24.60 as attorney's fees, and the mortgaged premises were ordered to be sold under special execution.  At such sale the premises were purchased by this defendant for the sum of $51.50, being the amount of the judgment and costs. After the expiration of one year, the sheriff executed his deed to defendant for the premises pursuant to the execution sale, and this is the deed which plaintiffs seek to have set aside.

I.   So far as any relief is asked in behalf of the plaintiff, I. Bowden, who was at the time of the execution of the mortgage and also at the time of the foreclosure and sale

1. Return of
service: evidence insufficient to overcome.

the holder of the legal title to the premises, the contention is that he was never served with any notice of the foreclosure proceeding, and did not authorize an appearance therein by attorney, and the court was therefore without jurisdiction to enter the decree against him; and it is further contended that irregularity in the sale, such as selling the premises *en masse* instead of offering a portion separately, and selling for a grossly inadequate consideration would justify the granting of equitable relief against such sale.  With reference to the service of notice the record shows a return by the proper officer in proper form of personal service on I. Bowden in Benton county, which was the county of said

Bowden's residence. Although Bowden was advised by letter of the pendency of the suit, and had various conversations with the officers of the bank and with Hadley, its attorney, with reference thereto, he does not pretend that he ever made any claim of want of service until after the filing of his original petition in this suit, duly verified, in which he expressly alleged the service on him of notice in the foreclosure proceeding. Bowden's own testimony denying the service on him of the original notice, is in itself equivocal, for he admits that the officer called upon him with the avowed purpose of serving a notice, and his contention is that the notice was not in fact served, because he induced the officer to believe that the indebtedness had been paid. Under the circumstances we would not be warranted in holding that this testimony of Bowden, unsupported in any way, was sufficient to overcome the sworn return of the officer. *Mosher v. McDonald,* 128 Iowa, 68; *Shehan v. Stuart,* 117 Iowa, 207.

The record does not show any such irregularity in the sale as would justify proceedings to set it aside, even though a deed had not in fact been issued in pursuance thereof. 2. EXECUTION SALES: notice. It is contended that, although there was actual service of the notice of sale on the person in possession of the premises in Story county (Bowden being a nonresident of the county), and that written notices were properly posted, the publication of notice required in such cases was made for two weeks in a semiweekly newspaper, whereas the statute (Code, section 4024, as then in force) required two weekly publications of such notice " in some daily or weekly newspaper printed in the county." Without regard to whether two weekly publications in a semiweekly paper would be a sufficient compliance with the statute, the objection is not now available to these plaintiffs, for it is expressly provided in Code, section 4027, that the validity of the sale is not affected by failure of the officer to give the notice required.

The objections that the sale was *en masse* and for a grossly inadequate consideration are not specifically recognized by the statute as grounds even for setting aside the

**3. SAME: sale *en masse*: inadequate consideration: equitable relief.**

sale, much less for attacking the validity of the title of a purchaser who has acquired a deed in pursuance of such sale. Such objections may justify equitable relief, but only when other equitable grounds are made to appear. In other words, there must be equity in the entire claim of the plaintiff to authorize an interposition of a court of chancery. Here it appears, not only that Bowden had intentionally made default, and was entirely without defense to the foreclosure proceedings, but that he had full knowledge of the proceedings, and that no fraud whatever was practiced upon him either with a view of preventing him from making defense or for the purpose of inducing him not to redeem within the statutory period.

It further appears that it was impracticable to sell the two fractional portions of lots separately, for they were occupied by one building used for business purposes, and were subject to a prior mortgage. Under these circumstances the

**4. SAME.**

sale was not irregular because the property was not offered in separate parcels, nor was the consideration in view of the prior mortgage on the premises so grossly inadequate as to justify equitable relief. *Fortin v. Sedgwick,* 133 Iowa, 237; *State Savings Bank v. Shinn,* 130 Iowa, 365; *Jonas v. Weires,* 134 Iowa, 47.

II. With reference to the claims made in argument on behalf of plaintiff Eva A. Bowden that as to her the foreclos-

**5. MORTGAGES: foreclosure and sale: termination of dower interest.**

ure decree and sale were invalid because no notice was served upon her, the record shows that, although she was a joint maker with her husband of the note, and executed with him the mortgage which was foreclosed, her husband was the holder of the fee-simple title, and she had no interest therein save the inchoate right of dower. Conceding that there was

not sufficient service of notice to give the court jurisdiction to enter a decree or judgment as against her, the sale of the premises on execution for her husband's debts cut off her dower right, and she now has no interest in or claim with reference to the property. The bank might have proceeded in an action against the husband alone to foreclose the mortgage and have the premises sold to satisfy the debt, and the sale under execution, whether general or special, would have terminated the wife's dower interest. *Pierce v. O'Neil,* 132 Iowa, 530. That a judicial sale of property for the satisfaction of the debts of the husband, who is the owner of the fee-simple title, terminates the wife's inchoate right of dower, is expressly provided by statute and recognized by the decisions of this court. Code, section 3366; *Sturdevant v. Norris,* 30 Iowa, 65; *Stidger v. Evans,* 64 Iowa, 91. If by death of the husband prior to the judicial sale the wife had become vested with a dower interest, such interest could not have been cut off save by making her a party to the proceedings. *In re Pennock's Estate,* 122 Iowa, 622. But, so long as the wife's interest remained inchoate, a judicial sale in proceedings against the husband was effectual to terminate it. It is to be noticed that this was not an action on the part of Eva A. Bowden to redeem, but is simply an action in which she joins her husband, asking to have the judicial sale decreed void, and defendant's title under his sheriff's deed annulled and held for naught. We are not cited to any authority recognizing the right of the wife to any equitable relief as against a judicial sale which was valid as to her husband, who is the owner of the fee title. But certainly she has no remaining interest in the property which will sustain an action by her to have the sale decreed void and the title of the purchaser annulled.

It seems unfortunate that these plaintiffs should have lost their rights in property apparently of some substantial value on account of failure to pay an insignificant amount of indebtedness with a small sum of costs and attorney's fees.

But it is difficult to see how they can be entitled to any equitable consideration, where they have plainly omitted to avail themselves of the adequate safeguards offered them by liberal statutory provisions.   The wife cannot complain if the husband by his own fault has allowed his property to be subjected by due process of law to the payment of his debts, even though her inchoate interest has thus been cut off, and the husband had full knowledge before the decree of foreclosure was rendered as to the amount of the claim, and not only failed to make any defense or to satisfy the claim before judgment was rendered, but after the rendition of judgment and the sale of the property with full knowledge of the facts failed to pay the small amount necessary to effect statutory redemption.

The decree of the trial court was right, and it is *affirmed.*