JENNIE M. FILLEY, APPELLEE, v. GOLDIE DICKINSON, APPELLANT.

FILED MAY 15, 1923. No. 22405.

1. **Descent and Distribution:** REALTY OF HUSBAND. Under section 1224, Comp. St. 1922, the right of the wife to inherit the real estate of her husband is barred by the sale of such real estate under execution or other judicial sale during the lifetime of the husband.

2. **Dower:** LANDS SOLD AT FORECLOSURE. A decree of foreclosure of a

mortgage on the husband's land, other than his homestead, and a sale thereunder during his lifetime, which was valid as to him, conveyed a valid title to the purchaser, and left no interest in the wife which will sustain her action to redeem said real estate after the death of her husband because she was not made a party defendant in the foreclosure proceedings.

3. **Homestead.** Evidence examined, and *held* to sustain the finding of the trial court that defendant has no right of homestead in the premises in controversy.

APPEAL from the district court for Lancaster county: WILLIAM M. MORNING, JUDGE. *Affirmed.*

*F. B. Baylor* and *A. Moore Berry,* for appellant.

*George N. Foster* and *Bert A. Button, contra.*

Heard before MORRISSEY, C. J., ROSE, ALDRICH and GOOD, JJ., BEGLEY, District Judge.

BEGLEY, District Judge.

This is an action in which the plaintiff prays that her title to certain real estate be quieted against the defendant, who it is alleged has no right or title therein. The defendant alleged that the title of the plaintiff depends upon a sale under foreclosure to which the defendant was not a party; that, as the widow of the mortgagor, the defendant has both the equity of redemption and right of homestead in the property, and that by reason of such fact the title of the plaintiff cannot be quieted against the defendant, and prays that her equity of redemption and homestead interest be adjudicated and established. The trial court found generally in favor of the plaintiff and entered a decree quieting title in the plaintiff, and defendant has appealed.

The evidence discloses that on March 6, 1906, John William Dickinson, the husband of the defendant, was the owner of lot 11, block 6, Elm Park addition to the city of Lincoln, Lancaster county, Nebraska; that he and the defendant herein, as husband and wife, executed a mortgage thereon to the Lincoln Savings & Loan Association, and that in 1915 said Lincoln Savings & Loan As-

·sociation foreclosed said mortgage against John William Dickinson without making his wife, the defendant herein, a party to the proceedings; that a sale was had under said decree of foreclosure and the property purchased by the Lincoln Savings & Loan Association, who went into possession thereof, and same was afterward sold to the plaintiff, Jennie M. Filley. John William Dickinson, former owner of the title to the property in question, died intestate on May 28, 1920, leaving surviving him the defendant, his widow, and two minor children.

The first question presented on appeal is whether a wife has an equity of redemption in her husband's property, and, if so, whether it can be cut off by the foreclosure of a mortgage without making her a party thereto. If appellant has any rights in the property in question as the widow of John William Dickinson, it must be by reason of statutory authority. In 1907 the statute abolished dower and curtesy. Comp. St. 1922, sec. 1223.. By section 1220, Comp. St. 1922, it is provided that, when a husband shall die, leaving a wife surviving, all the real estate of which the deceased was seised of an estate of inheritance at any time during the marriage, which has not been lawfully conveyed or devised, and "which has not been sold under execution or judicial sale, * * * shall descend subject to his * * * debts and the rights of homestead," in a certain manner; in the present case being a one-third part to his surviving wife. As if to emphasize the above quoted provision, section 1224, in speaking of the right of the wife to inherit, provides: "Such right to inherit may also be barred by the sale of such real estate under execution or other judicial sale, during the lifetime of the owner of the title." Under these sections of the statute, during the lifetime of the holder of the title, the real estate, other than a homestead, may be sold under execution or judicial sale and the purchaser takes the title free from any claim of inheritance by the wife after the death of her husband. If, however, the husband dies prior to the judicial sale,

the wife would become vested with an interest therein. These sections of the statute have been so construed in this state in the case of *Arent v. Arent*, 104 Neb. 562. In Iowa, where the statute contains similar restrictions as to dower, the court in the case of *Bowden v. Hadley*, 116 N. W. 689 (138 Ia. 711), held: "The decree of foreclosure of a mortgage on the husband's land and the execution sale, having been valid against him, terminated the wife's inchoate right of dower, and left her no interest which will sustain her action to have the sale decreed void because notice was not served on her in the foreclosure proceedings." The judicial sale in this case being valid as against the husband during his lifetime, the wife is not entitled to equitable relief as against the purchaser at said sale, or his subsequent grantees.

The next question presented for determination is whether in the instant case the property in question was the homestead of the owner, and therefore, after his death, exempt to his widow who was not a party to the foreclosure action. The evidence is in conflict as to the purpose for which the lot was purchased and the building erected thereon. The appellee's evidence discloses that appellant's husband obtained title to the disputed property in 1906, and he secured this loan for the purpose of erecting a house thereon. He, being a carpenter by trade, stated that his purpose was to build the house and sell it; that, after partly completing the house, he was unable to proceed further for want of funds and entirely abandoned the property; that he and his wife are colored people and the lot is located in a white neighborhood; that appellant and her husband had domestic trouble, and she was living apart from him in Iowa at the time of the foreclosure suit. The appellant and other witnesses testified that the intention was to occupy the premises as a homestead, when completed, and that only lack of funds and the foreclosure proceedings prevented the occupancy. There being no actual occupancy of the premises and the evidence not being clear as to the *bona*

*fide* intention to occupy the premises as a homestead, the finding of the trial court that defendant had no homestead interest therein is right, and the decree of the district court is, therefore,

AFFIRMED.