A. L. PUTNAM, Appellant v. THOMAS BUSSING et al., Appellees.

No. 43185.

APRIL 7, 1936.

REHEARING DENIED SEPTEMBER 25, 1936.

Charles Roe and L. M. Hall, and Waldo E. Don Carlos, for appellant.

C. C. Putnam, and Wilson & Kellam, for appellees.

HAMILTON, J.—It is alleged in plaintiff's petition that the car in which the defendants were riding was owned by Mabel Bussing, and at the time of the collision was being driven by her husband, Thomas Bussing, with her consent. These allegations of the petition were put in issue by general denial. At the close of all the evidence, the court sustained a motion to direct a verdict in favor of the defendant Mabel Bussing for failure to prove ownership of car as alleged. The case went to the jury as to Thomas Bussing and plaintiff recovered as against him, and as to this neither party has appealed. Plaintiff filed a motion and application to vacate the verdict of the jury by direction of the court in favor of the defendant, Mabel Bussing, and for a new trial on the issues as to said defendant, which was overruled by the court, and from this order, and from each and every adverse order, ruling, and decision of the district court in the trial, the plaintiff has appealed.

The plaintiff assigns as error: (1) The action of the court in sustaining a motion to strike from the record of the evidence Exhibit A, pages 1 and 2, purporting to be certified copy of duplicate certificate of registration and certified copy of application for certificate of registration. (2) The refusal of the court, after the plaintiff had rested his case, and after sustaining said motion to strike, to reopen the case and to grant

a postponement or continuance for at least twenty-four hours to permit the plaintiff to obtain and offer in evidence what he terms "duly certified, the authenticated copies other than Exhibit A, pages 1 and 2 heretofore offered"; the ground urged being that the court having at the beginning of the trial admitted the exhibit in evidence over the objection of defendants, counsel for plaintiff was led to believe that no other or further proof was necessary on this point, and hence was taken by surprise. (3) That the court erred in sustaining the motion to direct a verdict for the reason that notwithstanding the withdrawal of Exhibit A, there was still sufficient evidence to make out a prima facie case of ownership in Mabel Bussing.

The trial took place in Adair county, some 100 miles from the place of defendants' residence in Newton, Jasper county, Iowa. It appears that neither of the defendants was present at the trial of the case. The evidence of ownership other than Exhibit A, which was stricken from the record, consists of the following: Deputy Sheriff Owen was called to the scene of the accident about 10 o'clock in the evening. He saw two cars that were disabled. The number on the license plate of what is referred to in the record as "the Bussing car" was 50—6784. He had some conversation with the occupants of the Bussing car and learned that the occupants were Mr. and Mrs. Bussing, and that Mr. Bussing was driving the car. The car was a Pontiac coupé. Testimony to the same effect was given by two other witnesses.

Does this make out a prima facie showing of ownership of the car in Mabel Bussing? We do not think so. All this evidence amounts to is that a Pontiac car with a Jasper county license plate was being driven by Thomas Bussing when this collision occurred, and that his wife, Mabel Bussing, was also in the car, and that they resided at Newton, Iowa, the county in which the car purported to be licensed, as evidenced by the number plate.

And unless the court is required to take judicial notice that No. 50—6784 is a Jasper county, Iowa, number, there is no evidence that this car bore a Jasper county license plate, and this we may not do on proof of nothing save the figures, 50—6784. We think the trial court was right in holding that this was insufficient to make out a prima facie case of ownership in Mabel Bussing.

It was shown by the evidence of plaintiff that the original certificate of registration and the original application for license No. 50—6784, Jasper county, Iowa, was never in the possession or within the control of plaintiff. Plaintiff offered in evidence Exhibit A, pages 1 and 2, purporting to be a record of the registration of a certain Pontiac coupé. This was objected to for the reason that Exhibit A, marked page 1, was incompetent and no proper foundation had been laid; and Exhibit A, marked by the reporter as page 2, was incompetent, irrelevant, and immaterial, and no proper foundation had been laid. This objection was overruled, and the exhibit was admitted in evidence. At the close of all the evidence, the defendant Mabel Bussing moved the court to strike from the evidence "Exhibit A, page 1 and Exhibit A, page 2, for the reason that a proper foundation for the admission of said exhibits in evidence was not laid, and it was objected to at the time of the offer of said purported exhibits; that the official record was not duly certified, and was not certified by an officer having custody of the public records of the County Treasurer of Jasper County, Iowa." The lower court sustained this motion to strike Exhibit A, page 1, for the reason, as stated by the court, "that there is not attached to the same any authentication, or certificate, or purported certificate or authentication, that it is a part of any official records of any public office in the State." Exhibit A, page 2, was likewise stricken from the record upon the following grounds:

"The Court is of the opinion that the authentication is such that it is impossible to state whether the instrument purports to be the original record itself or a copy thereof. If it is the original record itself, the Court is of the opinion that it is not in the form prescribed by statute, as it does not bear the signature of the owner, or alleged owner, that it is an application for registration or car license. The court feels that to submit this exhibit to the jury would be going beyond his power, as the liability of the owner of the car is, at best, statutory, under these conditions; and that if a certified copy of the record is desired, a strict compliance with the statute should be required and before the jury should be allowed to speculate upon whether or not the record in question purports to show ownership, the record itself should conform to the requirements of the statute."

A perusal of Exhibit A, page 1, indicates that it is a duplicate certificate for 1932; that the license number is 50—6784. Following the word, "Owner," is the name, "Mabel M. Bussing." On the line above the words "signature of owner" no name appears. It discloses the residence of Mabel M. Bussing as Newton, Jasper county, Iowa, and the make of the car as a Pontiac coupé. It bears the signature of G. C. Greenwalt, secretary of state, and H. H. Morrison, county treasurer. The reverse side of this page 1 contains blank lines used for the purpose of transferring the ownership of record. There is no certificate attached to this page 1 of any kind or character. Page 2 of said Exhibit A purports to be an application for an automobile license. After the words, "Name of owner," is "Mabel M. Bussing," and under, "License No., 1932," is 6784, and it contains the make of the car, the place of residence of Mabel M. Bussing, the purported owner, and other information. On the line over the words, "Signature of owner," no name appears. There is a jurat for the notary which is not signed and none of the blanks therein filled out. On the reverse side of this page are blank forms for transfer of ownership, and below this is what purports to be a certificate, which reads as follows:

"State of Iowa, Jasper County.

"I, R. B. Davis, Deputy County Treasurer of said County being sworn, on oath say that the record as shown on this card of car licensed under number 50—6784 for the year 1932, is a true and correct record.

"[Signed] R. B. Davis,

"Deputy County Treasurer.

"Subscribed and sworn to by R. B. Davis, deputy county treasurer, this 13th day of September, 1933.

"[Notarial Seal]

"[Signed] Glendale Butler."

It is claimed by plaintiff that under the provisions of sections 4869, 4871, 4873, 4874, 4886, 11296, 11304 of the Code of 1931, this exhibit was admissible in evidence. By section 4869 it is provided:

"Every owner of a motor vehicle which shall be operated or driven upon the public highways shall, * * * file in the office of the county treasurer of the county in which such owner resides, a *verified application* for registration or re-registration on

a blank to be furnished by the department for that purpose."
(Italics ours.)

The purported copy of application offered in evidence is neither signed nor verified by any one as owner.

Section 4871 provides: "Upon receipt of the application and license fee for a motor vehicle, * * * the county treasurer shall file such application in his office and register such motor vehicle or trailer with the name, post office address and business address of the owner, * * * in a book or index to be kept for the purpose, under the distinctive number assigned to such motor vehicle."

Section 4873 provides for quadruple receipts, one of which the treasurer shall retain in the records of his office, one of which he shall deliver to the licensee, and two of which shall be forwarded to the department.

Section 4874 provides for issuing the certificate of registration, and states:

"The treasurer, when the application and license fee is received, shall forthwith assign to such motor vehicle or trailer a distinctive number, and shall deliver or forward to the owner a certificate of registration."

Section 4886 provides for the issuance of duplicate certificates of registration. It must be admitted that the county treasurer is the custodian of the records in question, and that upon demand of any person and the payment of the legal fees therefor, he is required to furnish certified copies thereof, and such duly certified copies are admissible in evidence in all cases of equal credibility with the original record or papers on file. Sections 11296, 11299. The signature of the officer making the certificate shall be presumed to be genuine until the contrary is shown. Section 11304. By statute it is made the duty of the deputy county treasurer to perform such duties as may be assigned to him, and during the absence or disability of his principal to perform the duties of the principal. Section 5242.

Therefore, the official act of the deputy county treasurer, in executing the certificate in question in the absence of evidence to the contrary, will be presumed to be regular; that is, that he acted within the scope of his authority and that the pre-existing condition necessary to render his act legal was

present. 22 C. J. p. 130, par. 69; Ebinger v. Wahrer, 213 Iowa 84, 91, 238 N. W. 587; Incorporated Town of Norwalk v. Warren County, 210 Iowa 1262, 1264, 232 N. W. 682; Mosher v. McDonald & Co., 128 Iowa 68, 102 N. W. 837; Priest v. Whitney Loan & Trust Co., 219 Iowa 1281, 261 N. W. 374, 386; Sanxey, Trustee, v. Iowa City Glass Co., 68 Iowa 542, 27 N. W. 747; McLeland v. Marshall County, 199 Iowa 1232, 1243, 201 N. W. 401, 203 N. W. 1; Abrams v. Ervin, 9 Iowa 87, 90. It is not claimed by the plaintiff that these are the original records. The registration certificate purports on its face to be a duplicate, but this duplicate certificate is not certified by anyone, and hence is not "duly certified," and therefore not admissible in evidence under the provisions of Section 11296. "Duly certified" means what the words import—properly, regularly, according to law—and implies the existence of every fact essential to perfect regularity of procedure. 19 C. J. 833; State v. McDonald, 55 Or. 419, 103 P. 512, 104 P. 967, 976, 106 P. 444. The general rule is stated: "Where certified copies of public records are offered, it should appear that the officer by whom they purport to be certified had the right to the custody of the records and was the person who had the authority to furnish authenticated copies." 22 C. J. 835, par. 975, note 58. To be duly certified, the certificate should disclose that it is made by the proper official, and likewise, that the copy is a correct exemplification of the original on file, and before a certified copy of a public record or paper on file is admissible in evidence, it must be shown that there was substantial compliance with essential requirements. Exhibit A, page 2, being what purports to be an application for automobile license, is not executed according to the statute, neither signed nor verified. The certificate attached to this page of the exhibit is made by R. B. Davis, deputy county treasurer, and all he states in his certificate is that the "record as shown on this card of car licensed under number 50—6784 for the year 1932 is a true and correct record." It does not state whether it is a copy or whether it is the original. It does not state that it is on file anywhere. The exhibit shows on its face that it is incomplete and does not comply with the statute. Nowhere in the certificate is it made to appear that this is a correct copy of the original application, and it does not purport on its face to have been filed or indexed or recorded in the office of the county

treasurer or any place else. We can see no escape from the conclusion reached by the trial court in excluding this exhibit.

 Where it is sought to hold the owner of a car driven by another with the owner's consent for damages on account of negligence, the issue of ownership is a fact question to be established like any other essential fact in the case. It is a liability created by statute. White v. Center, 218 Iowa 1027, 1035, 254 N. W. 90. And one seeking to recover must allege and prove such ownership. It cannot be based on inference or presumption. The case of Landry v. Oversen, 187 Iowa 284, 174 N. W. 255, cited and relied upon by appellant, does not support his contention. The only matter for determination in that case was whether or not the car was driven with the owner's consent. The issue of ownership was not even raised.

 It is next urged that there was abuse of discretion by the trial court in refusing to reopen the case and grant a twenty-four hour continuance to enable plaintiff to obtain either the original registration records or properly certified copies. Under the circumstances in this case this presents a troublesome question. The trial consumed three days. On the first day, immediately after the testimony of the deputy sheriff, the plaintiff offered Exhibit A in evidence. Objection thereto, based on the same identical grounds as were later urged in the motion to strike, was made and overruled. This led plaintiff's counsel to believe that no further proof would be necessary on this point, and he no doubt was sincere when he said in his application to reopen the case that he was taken by surprise.

A very similar situation was presented in the case of Simpson College v. Mann's Ex'rs, 203 Iowa 447, 451, 212 N. W. 684, 686, where we reversed the trial court for refusing to reopen the case, and wherein we said:

"While the question is very close to the line, we are disposed to hold that the court, not having intimated a change of the ruling first made in the case, until he pronounced his ruling on the motion to direct, should have permitted the appellant to introduce the testimony, *then said to be present in court,* * * *." (Italics ours.)

Likewise, in this case the trial court did not intimate he would change his ruling until the evidence was closed and motion to direct and motion to strike had been sustained. The

facts in the two cases differ in this: In the Simpson College v. Mann's Ex'rs case, the witness was present in court, and no delay would have been caused by reopening the case, while here there was no one present and no claim that proof of ownership could be established except by the records. Neither of the defendants was present at the trial.

In the resistance to the motion to reopen, it is asserted that it was necessary that counsel for defendant be in Waterloo the next day to conduct the trial of another case, and it would work an undue hardship upon the defendant Mabel Bussing and her counsel to delay the trial for twenty-four hours, and to reopen the case. It can readily be seen that the trial court was faced with a perplexing dilemma. It would scarcely be claimed that orderly procedure would warrant a court, without the consent of the parties, in adjourning court for twenty-four hours in the midst of a jury trial, and thus compel court, jury, parties, and opposing counsel to rest in abeyance. A large measure of discretion must be lodged in the trial court in dealing with matters of this kind, and before this court would be justified in interfering in such matters, there must be presented a clear case of abuse of discretion. There was no disposition manifest by the lower court to take snap judgment against appellant. The court in ruling on the motion said:

"The court is going to withdraw from the record the direction of a verdict and going to, in view of that situation which exists on the part of counsel for defendants, refuse the right to reopen the case, but will grant, if it is desired, the right to dismiss without prejudice."

We are of the opinion that if there was any error in refusing to reopen the case it was cured by the offer of the court to permit the plaintiff to dismiss his case without prejudice, there being nothing in the record to indicate that the plaintiff would sustain any loss on account of such dismissal, except the question of costs, and the ordinary penalty following the granting of a continuance under the circumstances indicated by this record would be the payment of all costs made up to that time.

We find no reversible error, and the cause is affirmed.— Affirmed.

DONEGAN, C. J., and all Justices concur.