STATE of Iowa, Appellee,

v.

Donald G. McCONNELL, Appellant.

No. 53648.

Supreme Court of Iowa.

June 23, 1970.

Rehearing Denied Sept. 2, 1970.

William H. Welch, Logan, for appellant.

Richard C. Turner, Atty. Gen., G. Douglas Essy, Asst. Atty. Gen., David Moore, County Atty., and Jerry Larson, Asst. County Atty., for appellee.

LARSON, Justice.

By county attorney's information filed December 2, 1968, Donald G. McConnell was accused of the crime of lascivious acts with a child in violation of the 1966 Code, section 725.2. A plea of not guilty was entered when his demurrer was overruled and, pursuant to trial before a jury commenced on January 9, 1969, a guilty verdict was returned. On February 28, 1969, he was sentenced to imprisonment in the State Penitentiary for a period not to exceed three years. In his appeal to this court he assigns as error the failure of the court to sustain his demurrer to the information, the acceptance of inadmissible evidence pertaining to his age, and several procedural irregularities which deprived him of a fair trial. Although timely objections were made and preserved, no merit is found in these assignments except as to the admission of improper evidence of defendant's age. Under the circumstance revealed we must reverse and remand the matter for a new trial.

No useful purpose will be served by a recitation of the repulsive acts disclosed by the unduly long record submitted with this appeal, for they are not material to the issues raised herein. Appellant lists 15 alleged errors, which in the interest of brevity we shall consolidate and consider in the following six divisions.

I. Appellant first contends in assignments 1, 2 and 3, that the court erred in overruling his demurrer, his motion to suppress all of the evidence in the case, and his motion to dismiss prior to taking evidence. In substance, he maintains the county attorney's information charging him with the violation of section 725.2 of the Code was insufficient in that it failed to state defendant was over 18 years of age and failed to name the individual upon whom he was alleged to have committed the lewd and lascivious acts.

The information filed herein recites that the county attorney accuses "Donald G. McConnell of the crime of Lascivious Acts with a Child committed as follows: And charges that the said Donald G. McConnell, on or about the 29th day of July, A.D., 1968, in the County of Shelby and the State of Iowa, did commit lascivious acts with a child, who was under the age of sixteen years in violation of Iowa Code, Section 725.2 (1966)." Attached thereto were "MINUTES OF TESTIMONY" which identified Charlotte Ann Holzer of Harlan, Iowa, as the mother of Tamara Ann Holzer, and Tamara, then age nine, and stated both would testify as to the acts complained of by Tamara, upon whom the alleged offense was committed. In a timely notice of additional witnesses, other such acts on identified children were recited covering a period between September 1967 and May 1968.

In his demurrer defendant argued that upon the face of said information it appears there was no substantial compliance with the requirements of the Code in "That the said Information on its face and together with the minutes attached thereto fails to charge a crime denounced by the said Code" and "That said Information does not conform to the Statutes of Iowa

388

and is fatally defective." The trial court disagreed, and we agree with the trial court.

■ An indictment or county attorney's information charging lewd and lascivious acts with a child is sufficient if it substantially follows the language of the statute. It is sufficient if it uses the name given to the offense by statute or by stating so much of the definition of the offense, either in terms of the common law or of the statute defining the offense or in terms of substantially the same meaning, as is sufficient to give the court and the accused notice of what offense is intended to be charged. Section 773.4, Code of 1966. Lascivious acts with children may be charged as "A. B. committed lascivious acts with C. D. who was under sixteen years of age." Section 773.35, Code of 1966.

■ Obviously the information with the attached minutes here substantially complies with the Code requirements. It clearly gives both the court and the accused due notice of what offense is intended to be charged against defendant, the name and age of the involved child or children, and the acts complained of. This was sufficient and we find no merit in the contention that reference to the accused's age in the information is necessary. When reference is made to the Code section claimed to be violated, the accused party is duly notified that, as a person designated in the statute, he is charged with committing certain prohibited acts with a child under sixteen years of age.

Section 725.2 of the Code provides in part: "Any person over eighteen years of age who shall willfully commit any lewd, immoral, or lascivious act in the presence, or upon or with the body or any part or member thereof, of a child of the age of sixteen years, or under, * * * shall be punished by imprisonment * * *."

We hold the information and attached minutes filed herein were sufficient. In support of this conclusion, see sections 773.4 and 773.5 of the 1966 Code; State v. Ladd, 252 Iowa 487, 490, 491, 106 N.W.2d 100, 101; State v. Schumacher, 195 Iowa 276, 278, 191 N.W. 870; State v. Kernan, 154 Iowa 672, 673, 135 N.W. 362, 363.

In State v. Ladd, supra, error was assigned because of an obvious mistake in the information. In dismissing defendant's contention as without merit, the court held that the information sufficiently stated the nature of the offense charged under the correct section of the Code and pointed out that it was not claimed defendant was unaware of the crime charged. That pronouncement is applicable here.

II. Appellant's next assignment relates to the court's ruling upon his objection to the testimony of the sheriff and the admission into evidence of the State's Exhibit No. 1 to establish the age of defendant. He argued, since there was nothing in the information to indicate what the witness would testify to, nothing pertaining to this testimony in the minutes, and no notice given as to additional testimony, the sheriff was incompetent to testify in this matter. However, his real objection was to the State's attempt to qualify its Exhibit No. 1 by the testimony of this witness. He contends the admission of such an exhibit offered in connection with the testimony of a witness who was not an official custodian of that public record was reversible error. In view of the fact that this was the only direct evidence of defendant's age, there is merit in the contention.

■ Except as otherwise provided by statute, copies of public records are subject to the best evidence objection when offered in court proceedings. Barron v. Pigman, 250 Iowa 968, 973, 95 N.W.2d 726, 729; Putman v. Bussing, 221 Iowa 871, 877, 266 N.W. 559, 562.

From the record it appears no notice of intended testimony by Sheriff Gearhart was given and the defendant did not waive notice thereof. It also appears timely and

proper objections to his testimony and to the admission of Exhibit No. 1 were made and preserved. State's Exhibit No. 1 purported to be a copy of defendant's driver's license issued by the Department of Public Safety in Des Moines.

It is quite apparent that the sheriff is not a designated official in possession of driver's license records, that generally in order to have a copy of one's driver's license admitted in court proceedings a copy certified by the department is necessary (sections 321.10 and 622.43 of the Code), and that the copy offered herein was not certified.

Section 321.10 provides: "The commissioner and such officers *of the department* as he may designate are hereby authorized to prepare under the seal of the department and deliver upon request a *certified copy* of any record of the department, * * * and every such *certified copy* shall be admissible in any proceeding in any court in like manner as the original thereof." (Emphasis supplied.)

Section 622.43 provides: "Duly *certified copies* of all records and entries or papers belonging to any public office, or by authority of law filed to be kept therein, shall be evidence in all cases of equal credibility with the original record or papers so filed." (Emphasis supplied.)

■ Appellant's objection to the uncertified copy of defendant's driver's license for the reason that it was not the best evidence should have been sustained. We find no authority for the sheriff of a county to keep records or copies pertaining to driver's licenses, except as to temporary permits, which was not the case here. That authority is placed squarely with the Department of Public Safety and such copies of the original application kept in the department are not barred under the best evidence rule because the legislature did provide such copies are admissible when certified. The uncertified copy of defendant's driver's license here offered was inadmissible and should have been rejected by the court.

As bearing on this question, see State v. Hill, 244 Iowa 405, 57 N.W.2d 58, where we held the requirement that no witness may be called in support of an indictment where testimony was not presented to the court with the indictment does not preclude the admission of certified copies of documents admissible by statutory direction.

For the foregoing reason the conviction must be set aside and this case remanded for a new trial. We remand because, had Exhibit No. 1 been excluded by the court, the State could then have obtained a properly-certified copy of defendant's driver's license or introduced some other competent evidence of defendant's age, which admittedly is one of the vital elements of the offense charged. As bearing on the sufficiency of this proof, also see State v. Olson, 260 Iowa 311, 149 N.W.2d 132.

III. Appellant complains of Instruction No. 5 and the instructions as a whole. We have examined these instructions with care and do not find them improper. Instruction No. 5 simply told the jury: "In order for you to convict the defendant of the offense charged in the information, the State must prove by the evidence before you beyond a reasonable doubt each and all of the following: 1. * * *. 2. * * *. 3. That the defendant at said time was over eighteen years of age. 4. * * *. 5. * * *; but, if any one or more of the foregoing matters are not thus shown by the evidence before you beyond a reasonable doubt, then the offense charged in the information has not been made out and you should acquit him."

■ The court has the duty to instruct the jury on the law applicable to the facts as disclosed by the evidence, and must so instruct if there is evidence admitted which supports some involved issue. State v. Horrell, 260 Iowa 945, 956, 151 N.W.2d 526, 533; State v. Mullen, 151 Iowa 392, 398, 131 N.W. 679, 682; State v. Perry, 246 Iowa 861, 866, 69 N.W.2d 412,

416. Evidence as to defendant's age was before the court, and under that circumstance Instruction No. 5 as given was not erroneous. Thus we find no merit in this assignment.

IV. Appellant further assigns as error the court's attempt to determine if the jury might be hung by sending the bailiff to inquire as to its progress several times in the last hour of its deliberation. Such attempts, he says unduly coerced the jury to reach a verdict. Although nothing in this record would require a holding that these inquiries directed to the jury foreman not in the presence of other jurors were actually coercive, and such a situation is not likely to reappear in a new trial, we cannot approve such practice. The court has a positive duty to keep the jury free from outside influence and pressure, and excessive inquiries might well violate that duty. State v. Albers, Iowa, 174 N.W.2d 649.

It is entirely proper for the trial court, after a jury has been deliberating for some time, to inquire as to whether there is any likelihood the jury can reach a verdict. 23A C.J.S. Criminal Law § 1380, and citations therein. However, too many inquiries in a short period of time might raise an inference of undue pressure and amount to an abuse of the trial court's discretion.

Here there were no affidavits of jurors which even suggested they were aware of the court's concern as to the time of their deliberation. Affidavits of bystanders who said they heard the bailiff say "We need a verdict" are not conclusive, and affidavits of the court bailiff, the jury foreman, and several jurors denied any such statement was made or heard by them. In any event, the showing is not sufficient here to require a finding that the trial court's discretion was so abused as to result in an unfair trial.

V. Appellant contends the trial court erred in not granting a new trial because of misconduct of the county attorney. We find no merit in this assignment. The county attorney, in an effort to resolve an ambiguity due to a single affirmative answer of a witness to three questions asked by defendant's counsel, attempted to read from the record regarding that dialogue. The trial court did not permit it and counsel then gave his interpretation of what the witness meant by her answer. We find nothing improper in the county attorney's analysis of this dialogue, which at best was somewhat ambiguous. In any event, since the matter is being remanded for a new trial, this circumstance will not likely reoccur and we give it no further consideration here. However, as bearing on the latitude given counsel in such matters, see State v. Wesson, 260 Iowa 331, 340, 149 N.W.2d 190, 196, where we said: "In jury arguments counsel is entitled to some latitude in analyzing the evidence admitted in the trial, and he may draw conclusions and point out permissible inferences and weaknesses in * * * testimony." Also see State v. Harless, 249 Iowa 530, 535, 86 N.W.2d 210, 213, and citations.

VI. Finally, appellant contends the trial court committed reversible error in failing to follow the statutory procedure in polling the jury after defendant had so requested. From the record we learn defendant's counsel first declined when the court asked, "Do you wish to poll the Jury?" On second thought he said, "I think I would like the Jury polled", but again declined when the court told him to "go ahead." The court then addressed the jury and asked, "Is this your unanimous verdict? If so, raise your right hand." All jurors raised their hands, and the court again advised counsel he had a right to poll the jury. He replied, "No, I just wanted * * * the procedure to be followed."

Although the statuory procedure as set forth in section 785.15, Code of 1966, was not strictly followed, it was substantially complied with and any irregularity was

apparently waived. Section 785.15 provides: "When a verdict is rendered, and before it is recorded, the jury may be polled on the requirement of either party; in which case each member thereof shall be asked whether it is his verdict, and if anyone answers in the negative the jury must be sent out for further deliberation." There was no negative response to an inquiry as to the jurors' unanimity, and we are satisfied no reversible error occurred by the manner this jury was polled.

VII. Due to our holding in Division II hereof, the case must be and is remanded for a new trial.

Reversed and remanded.

All Justices concur.